UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FEDERAL-MOGUL GLOBAL, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-10578 (JKF)<br>(Jointly Administered) |

**CERTAIN INSURANCE COMPANIES' MOTION TO WITHDRAW THE REFERENCE OF THEIR JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO COMMENCE A STATE COURT INSURANCE COVERAGE ACTION**

The undersigned insurance companies ("Certain Insurance Companies") hereby move, pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011, for an order withdrawing the reference of their Joint Motion for Relief From the Automatic Stay to Commence a State Court Insurance Coverage Action (filed in Bankruptcy Case No. 01-10578 on August 21, 2006) from the Bankruptcy Court to the District Court, so that it may be heard by the District Court along with the Motion of Certain Defendant Insurance Companies for an Order Directing the Court to Abstain From Hearing the Adversary Proceeding (filed in DII Indus., LLC v. Federal-Mogul Prods., Inc. (In re Federal-Mogul Global., Inc.), Adv. Proc. No. 01-09018 (JHR), on August 21, 2006), because those motions are interrelated and the interests of judicial economy will be served if the motions are heard together by a single judicial officer.

The grounds supporting this motion are forth in the accompanying brief in support of this motion.

WHEREFORE, Certain Insurance Companies respectfully request that the Court enter an order providing the following relief:

      1.      Withdrawing the reference of Certain Insurance Companies' Joint Motion for Relief From the Automatic Stay to Commence a Coverage Action Against Debtor from the Bankruptcy Court to the District Court; and

      2.      Granting such other and further relief as the Court deems just and proper.

A proposed form of order is submitted herewith.

Dated: August 21, 2006                Respectfully submitted,

                                            /s/ *Brian L. Kasprzak*
Brian L. Kasprzak (No. 3846)
MARKS O'NEILL O'BRIEN & COURTNEY P.C.
913 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 658-6538
Facsimile: (302) 658-6537

Mark D. Plevin
David Florin
Barry M. Parsons
Leslie A. Epley
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Ace Property & Casualty Insurance Company; Century Indemnity Company, as successor to CCI Insurance Company (successor to Insurance Company Of North America) and CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; Central National Insurance Company of Omaha (for certain policies issued through Cravens Dargan & Company, Pacific Coast, As Managing General Agent); Pacific Employers Insurance Company; Insurance Company of North America; OneBeacon America Insurance Company; Seaton Insurance Company; St. Paul Mercury Insurance Company; Stonewall Insurance Company; TIG Insurance Company (solely as successor to International

Insurance Company); and United States Fire Insurance Company

And joined by the following insurance carriers and their counsel:

Allstate Insurance Company, solely as successor to Northbrook Excess & Surplus Insurance Company, f/k/a Northbrook Insurance Company; American Reinsurance Company; Executive Risk Indemnity, Inc. (as successor in interest to American Excess Insurance Company); Westport Insurance Corporation (f/k/a Puritan Insurance Company); Employers Reinsurance Corporation; Fireman's Fund Insurance Company; National Surety Corporation; Travelers Casualty & Surety Company (as successor-in-interest to Aetna Casualty & Surety Company); and INSCO, Ltd.

2826217

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FEDERAL-MOGUL GLOBAL, INC., *et al.*, | ) | Case No. 01-10578 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**ORDER GRANTING CERTAIN INSURANCE COMPANIES' MOTION TO WITHDRAW THE REFERENCE OF THEIR JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO COMMENCE A STATE COURT INSURANCE COVERAGE ACTION**

Upon the Motion of Certain Insurance Companies for entry of an order, pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011, withdrawing the reference of their Joint Motion for Relief From the Automatic Stay to Commence a State Court Insurance Coverage Action from the Bankruptcy Court to the District Court, and the Court having considered the Motion, the brief in support of the Motion, the exhibits thereto, any opposition to the Motion, and the arguments of counsel; and the Court having determined that good cause exists for entry of the requested order; it is hereby **ORDERED** as follows:

1. The Motion be and is hereby GRANTED; and

2. The reference of Certain Insurance Companies' Joint Motion for Relief From the Automatic Stay to Commence a State Court Insurance Coverage Action is hereby WITHDRAWN from the Bankruptcy Court.

Dated:_____       _____
                                                                            Hon. Joseph H. Rodriguez
                                                                            United States District Judge

2826217

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> FEDERAL-MOGUL GLOBAL, INC., *et al.*, ) <br> ) <br> Debtors. ) <br> ) | Chapter 11 <br><br> Case No. 01-10578 (JKF) <br> (Jointly Administered) |

**MEMORANDUM OF LAW IN SUPPORT OF CERTAIN INSURANCE
COMPANIES' MOTION TO WITHDRAW THE REFERENCE OF
THEIR JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO COMMENCE A STATE COURT INSURANCE COVERAGE ACTION**

This motion by the undersigned "Certain Insurance Companies" is part of a package of related motions being filed together in this Chapter 11 case and an adversary proceeding arising thereunder. The motions include: (i) a motion (the "Abstention Motion") asking the District Court to abstain, pursuant to 28 U.S.C. § 1334(c), from further proceedings in <u>DII Indus., LLC v. Federal-Mogul Prods., Inc. (In re Federal-Mogul Global., Inc.)</u>, Adv. Proc. No. 01-09018 (JHR) (Bankr. D. Del.) (the "Adversary Proceeding"), so that the parties' non-core insurance coverage disputes, arising under pre-petition contracts governed by state law, can be litigated in state court; (ii) a motion (the "Lift-Stay Motion"), filed in the Bankruptcy Court, seeking relief from the automatic stay of 11 U.S.C. § 362 so that Certain Insurance Companies can promptly commence and prosecute an insurance coverage lawsuit in the Supreme Court of the State of New York, New York County, ensuring that the parties' insurance coverage dispute will be timely adjudicated, as all parties desire; and (iii) this motion to withdraw the reference of the Lift-Stay Motion from the Bankruptcy Court, so that a single judicial officer (the District Court) can decide both the Abstention Motion and the Lift-Stay Motion, which are interrelated.

Withdrawal of the reference will, in this instance, promote the interests of judicial economy and efficiency. Because the Lift-Stay Motion and the Abstention Motion are inextricably intertwined, it makes sense that a single judge should decide both motions together. Failure to withdraw the reference could result in inconsistent rulings being entered by the District Court and the Bankruptcy Court, which would be highly undesirable. For example, if the District Court were to abstain from hearing the Adversary Proceeding but the Bankruptcy Court were to deny the Lift-Stay Motion, litigation of the parties' insurance coverage dispute would not proceed anywhere. Or, if the District Court were to deny the Abstention Motion but the Bankruptcy Court were to grant the Lift-Stay Motion, the parties would face duplicative litigation in both the federal court and the state court. The best way to protect against such inconsistent outcomes, which all parties undoubtedly wish to avoid, would be for a single court – the District Court, which has already withdrawn the reference of the Adversary Proceeding – to hear and decide the Lift-Stay Motion in addition to the Abstention Motion.

## BACKGROUND

On December 7, 2001, DII Industries, LLC ("DII") filed the Adversary Proceeding against debtor Federal-Mogul Products, Inc. ("Debtor"), Certain Insurance Companies, and other alleged insurers of both DII and Debtor. At the time, both DII and Debtor were subject to asbestos bodily injury claims. DII claimed that it was entitled to coverage under some of the same insurance policies as those under which Debtor claimed coverage. None of the policies in question had been issued to DII or Debtor, however; instead, DII and Debtor each claimed that they were entitled to insurance coverage as the alleged successors to former indirect subsidiaries of the companies to whom the policies had been

issued, Studebaker-Worthington, Inc. ("Studebaker-Worthington") and McGraw-Edison Company ("McGraw-Edison").

The automatic stay that went into effect upon Debtor's bankruptcy filing cut off DII's potential access to the policies. DII's complaint in the Adversary Proceeding therefore sought a declaration as to whether (or to what extent) the Studebaker-Worthington and McGraw-Edison policies were property of Debtor's bankruptcy estate under § 541 of the Bankruptcy Code, since the automatic stay would not interfere with DII's rights to access coverage under policies (or portions of policies) that were not property of Debtor's estate. (*See* Complaint for Declaratory Relief, filed December 7, 2001, Dkt. No. 1.)

Debtor responded to DII's complaint by counterclaiming against DII and cross-claiming against the Insurance Companies, seeking a declaration pursuant to § 541 of the Bankruptcy Code regarding "the nature and extent of the coverage provided under the Insurance Policies, including without limitation the limits of liability available under the Insurance Policies" and "the respective rights of Federal-Mogul Products and Dresser in the Insurance Policies." (Federal-Mogul Products' Answer to Dresser's Second Amended Complaint and Federal-Mogul Products' Counter-Claims and Cross-Claims, filed August 2, 2002, Dkt. No. 86, Prayer for Relief ¶¶ (i), (ii).) This was the first time insurance coverage issues were introduced into the lawsuit. *See also* Joint Motion of Debtors, Official Committee of Asbestos Claimants, and Legal Representative for Future Asbestos Claimants For Entry of Stipulation and Agreed Order Regarding Plan Modifications, etc. (the "Debtor-ACC-FCR Joint Motion Re 'Insurance Neutrality,'" July 24, 2006, Dkt. No. 10113) at 8 (acknowledging that coverage issues were first introduced into the Adversary Proceeding when Debtor responded to DII's complaint).

On January 28, 2002, the District Court entered an order withdrawing the reference of the Adversary Proceeding.

In 2004, DII settled its disputes with most of the insurance companies (the "Participating Insurance Companies") and reached an agreement with Debtor and the Participating Insurance Companies regarding the partitioning of those policies under which DII and Debtor each alleged rights to coverage. DII filed a stipulated dismissal of DII's claims against Debtor and the Participating Insurance Companies on June 6, 2005.

Despite the passage of time since the Adversary Proceeding was commenced, the parties have yet to complete briefing on certain issues that constitute the initial phase of the case, nor has the District Court decided any issues on the merits, given a series of orders entered in the Adversary Proceeding staying the suit pursuant to the parties' requests. (*See* Order, Dkt. No. 707 (June 30, 2004); Order, Dkt. No. 724 (Dec. 21, 2004); Order, Dkt. No. 759 (May 22, 2006).)

On August 21, 2006, Certain Insurance Companies filed the Abstention Motion in the District Court. In sum, the insurance companies argue that in light of DII's dismissal of its claims, the Adversary Proceeding no longer involves any claims under § 541 of the Bankruptcy Code and, therefore, it is now nothing more than a state-law insurance coverage dispute of the sort that is regularly addressed in state court rather than as part of a bankruptcy case. Moreover, confirmation of Debtors' proposed plan of reorganization does not depend upon the outcome of any coverage litigation. Accordingly, the District Court either is required to abstain (28 U.S.C. § 1334(c)(2)) or, in the alternative, should exercise its discretion to abstain (28 U.S.C. § 1334(c)(1)), from hearing the insurance coverage dispute between Debtor and the insurance companies.

At the same time, the insurance companies filed the Lift-Stay Motion in the

Bankruptcy Court, seeking relief from the automatic stay so they could promptly commence a declaratory judgment action in New York Supreme Court, New York County, to ensure that the insurance coverage issues are adjudicated, as all parties desire.

The Abstention Motion and the Lift-Stay Motion share a common purpose, which is to permit the insurance coverage dispute between Debtor and the insurance companies to be litigated in the proper forum – state court. The interests of judicial efficiency warrant withdrawal of the reference with respect to the insurance companies' Lift-Stay Motion because it is closely related to the Abstention Motion and having a single judicial officer decide the two motions together is the best way to avoid inconsistent rulings, thus ensuring that the coverage dispute will be addressed in a timely way while at the same time eliminating the risk of duplicative lawsuits pending at the same time in federal and state courts.

**ARGUMENT**

The District Court is empowered to withdraw the reference of any case or proceeding before the Bankruptcy Court "for cause shown." 28 U.S.C. § 157(d). While § 157(d) does not define what constitutes "cause," the factors applied by district courts to evaluate whether sufficient "cause" exists to withdraw the reference are well established. In evaluating "cause," district courts consider a "number of factors" including "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1021 (1994).

As a threshold matter, the bankruptcy court "must make the determination of whether proceedings are core or non-core." Mellon v. Delaware & Hudson R. Co. (In re

Delaware & Hudson R. Co.), 122 B.R. 887, 892 (D. Del. 1991).  Motions to terminate, annul, or modify the automatic stay are expressly included among the list of "core" proceedings that may be heard and determined by a bankruptcy judge.  *See* 11 U.S.C. § 157(b)(2)(G).  The insurance companies do not dispute that the Lift-Stay Motion is a core matter.[1]

Whether a proceeding is labeled "core" or "non-core," however, "does not necessarily determine whether cause exists for withdrawal."  Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp., 106 B.R. 367, 370 (D. Del. 1989).  *See also* In re Enviroscope Corp., 57 B.R. 1005, 1008 (E.D. Pa. 1985) ("a district court is not foreclosed from withdrawing a reference to a bankruptcy court because a matter is found to be a core proceeding. . . . [A] district court is given broad discretion in determining whether to withdraw a matter from the bankruptcy court").  Once the court makes the core/non-core determination, the district court "should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  Collier on Bankruptcy ¶ 3.04[1][b] (15th ed.).  Judicial efficiency is a significant factor in determining whether to withdraw the reference, and indeed may by itself warrant withdrawal of the reference.  *See* Orion Pictures, 4 F.3d at 1101 ("once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources"); Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, 107 B.R. 34, 39 (D. Del. 1989) ("permissive withdrawal for 'cause' includes considerations of the nature of the proceeding (i.e., core or non-core proceedings) and judicial economy"); In re NDEP Corp., 203 B.R. 905, 913 (D. Del. 1996)

---

[1]    The insurance companies have nevertheless concurrently filed a motion for determination by the Bankruptcy Court of whether the Lift-Stay Motion is a core or non-core matter, as required by Del. L. Bankr. R. 5011-1.

("cause" exists to withdraw the reference upon examining only whether proceeding is core or non-core and judicial economy). Additional factors to be considered include fostering economical use of debtor/creditor resources, expediting the bankruptcy process, and the timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

Applied here, each of the foregoing factors weighs heavily in favor of withdrawing the reference of the Lift-Stay Motion.

## I. Judicial Economy Is Served By Withdrawing The Reference So That A Single Judge Can Address The Lift-Stay Motion And The Abstention Motion Together

Even though the Lift-Stay Motion is a core proceeding, strong interests of judicial economy establish adequate "cause" for withdrawing the reference. The insurance companies seek to have their state-law insurance coverage dispute with Debtor resolved in state court, as is routinely done in bankruptcy cases. To accomplish that goal, the insurance companies must obtain two types of relief. First, an order must be entered in the Adversary Proceeding pursuant to which the District Court abstains, pursuant to 28 U.S.C. § 1334(c), from continuing to hear the Adversary Proceeding. The insurance companies contend that abstention is required under the "mandatory abstention" provisions of 28 U.S.C. § 1334(c)(2); in the alternative, the insurers argue that the District Court has discretion to abstain, under 28 U.S.C. § 1334(c)(1). Second, an order must be entered in the bankruptcy case granting relief from the automatic stay, so the insurance companies can promptly commence an insurance coverage action in state court.

Only if both forms of relief are granted will we have a situation in which the issues in dispute in the Adversary Proceeding can be properly litigated in state court rather than federal court. If abstention is granted but the stay is not lifted, then the dispute will not proceed in any court, a result that no party desires. If abstention is denied but the stay is lifted, then there is the prospect of wasteful and expensive duplicative lawsuits proceeding simultaneously,

- 7 -

in both federal and state court, in an unseemly race to judgment.

Given the interrelated nature of the relief sought by the insurance companies in the Abstention Motion and the Lift-Stay Motion, having both motions decided by a single judge will promote judicial efficiency, eliminate the prospect of inconsistent rulings, and reduce or eliminate delays in proceeding with the coverage litigation. Having the District Court rather than the Bankruptcy Court be the single decision-maker in this instance is consistent with the fact that the District Court has previously withdrawn the reference of the Adversary Proceeding. Grant of the motion to withdraw the reference would also promote efficiency by eliminating a layer of appeal (from the Bankruptcy Court to the District Court by the disappointed parties following a ruling by the Bankruptcy Court on the Lift-Stay Motion).

While not procedurally analogous, the court's decision in <u>Franklin Sav. Ass'n v. Office of Thrift Supervision</u>, 150 B.R. 976 (D. Kan. 1993), illustrates how the interests of judicial economy are served when related motions brought in two different proceedings are decided by a single court. In that case, debtor Franklin Savings Association ("FSA") brought suit in the district court against the Office of Thrift Supervision ("OTS"), seeking removal of a receiver appointed at the request of OTS. *Id.* at 978. At the same time, FSA filed an identical adversary proceeding complaint in the bankruptcy court, and moved the district court to refer its district court suit to the bankruptcy court for determination. *Id.* at 978-79. OTS objected to FSA's motion to refer the district court proceeding to the bankruptcy court, and moved the district court to withdraw the reference of the adversary proceeding. *Id.* at 979. To avoid a procedural morass, the district court decided to hear all the motions concurrently, stating:

> If the action pending in bankruptcy court is subject to mandatory withdrawal of reference, then the identical action pending in district court obviously should not be referred to the bankruptcy court. Because this issue may be dispositive of both the

motion to direct reference and the motion to withdraw reference, the court will take it up instantly.

*Id.* The district court noted that "[t]hese motions must be decided together for the issues in each are intrinsically related." *Id.* at 978 n.1.

Here too, the Lift-Stay Motion and the Abstention Motion are intrinsically related because they must be decided in tandem to avoid potentially inconsistent rulings that would result in nonsensical outcomes that serve no party's interest. Having the Lift Stay Motion and the Abstention Motion decided by different courts in different proceedings would waste the resources of each court and subject the parties to potentially inconsistent rulings. Thus, in the interest of judicial economy, the District Court should withdraw the reference of the Lift-Stay Motion and decide that motion along with the Abstention Motion.

**II.     Deciding The Lift-Stay Motion And The Abstention Motion Together In A Single Court Expedites The Bankruptcy Process**

Having one court (the District Court) decide the Lift-Stay Motion and the Abstention Motion together would not only promote judicial efficiency and foster the economical use of Debtors' and the insurance companies' resources, it would also expedite Debtor's bankruptcy process.

The Bankruptcy Court already has a very heavy workload in this case. The bankruptcy issues on which it must focus over the next few weeks and months include, without limitation, whether to approve Debtor's forthcoming revised disclosure statement or disclosure statement supplement, whether to grant Debtor's forthcoming motion for approval of its publicly-announced settlement with Cooper Industries, what voting procedures to adopt for solicitation of votes by persons holding claims against Pneumo-

Abex, whether to appoint an additional future claimants representative to act on behalf of "future claimants" against Pneumo-Abex, and discovery relating to, and trial of, the confirmation hearing on Debtor's plan. All of these issues relate directly to Debtor's reorganization process and must be addressed and resolved by the Bankruptcy Court before Debtor can bring a plan forward to confirmation.

The issues presented by the Abstention Motion and the Lift-Stay Motion are completely distinct from this confirmation process. The District Court is fully capable of addressing the Lift-Stay Motion, particularly given the tight relationship between the two motions. Indeed, allowing the District Court to address the Lift-Stay Motion makes particular sense in these circumstances because of the need to coordinate the two motions; the Bankruptcy Court's determination of the Lift-Stay Motion might be for naught if the District Court were to rule in an inconsistent fashion on the Abstention Motion.

### III. The Insurance Companies' Motion To Withdraw The Reference Is Timely

In determining whether "cause" exists for permissive withdrawal of the reference, the District Court should also consider the "timing of the request for withdrawal." Pruitt, 910 F.2d at 1168. Motions for permissive withdrawal "must be made at the first reasonable opportunity." Collier on Bankruptcy ¶ 5011.01[2] (15th ed.). There can be no question here regarding the timeliness of this motion, which is being filed concurrently with the Lift-Stay Motion itself. In other words, the withdrawal motion could not have been filed any sooner. As of the time this withdrawal motion is filed, neither the Bankruptcy Court nor any party has expended any time or effort in determining the Lift-Stay Motion. This factor further weighs in favor of the District Court withdrawing of the reference of the Lift-Stay Motion.

**CONCLUSION**

As set forth above, judicial economy and common sense are best served in this case if the District Court withdraws the reference of the Lift-Stay Motion and determines that motion along with the Abstention Motion, because the motions are interrelated. Hearing those motions together further fosters economical use of Debtor's and the insurance companies' resources and expedites the bankruptcy process. Finally, the insurance companies' motion to withdraw the reference is timely. For each of these reasons, the insurance companies respectfully request that the Court enter an order granting their motion to withdraw the reference of the Lift-Stay Motion.

Dated: August 21, 2006                                          Respectfully submitted,


                                                                          */s/ Brian L. Kasprzak*
                                                                Brian L. Kasprzak  (No. 3846)
                                                                MARKS O'NEILL O'BRIEN & COURTNEY P.C.
                                                                913 North Market Street
                                                                Wilmington, Delaware  19801
                                                                Telephone: (302) 658-6538
                                                                Facsimile: (302) 658-6537

                                                                Mark D. Plevin
                                                                David Florin
                                                                Barry M. Parsons
                                                                Leslie A. Epley
                                                                CROWELL & MORING LLP
                                                                1001 Pennsylvania Avenue, N.W.
                                                                Washington, D.C.  20004-2595
                                                                Telephone: (202) 624-2500
                                                                Facsimile: (202) 628-5116

                                                                Attorneys for Ace Property & Casualty Insurance
                                                                Company, Central National Insurance Company of
                                                                Omaha, Century Indemnity Company, Insurance
                                                                Company of North America, Pacific Employers
                                                                Insurance Company, St. Paul Mercury Insurance
                                                                Company, U.S. Fire Insurance Company,
                                                                OneBeacon America Insurance Company, Seaton

Insurance Company, Stonewall Insurance Company, and International Insurance Company

And on behalf of the following insurance carriers and their counsel:

Allstate Insurance Company, solely as successor to Northbrook Excess & Surplus Insurance Company, f/k/a Northbrook Insurance Company; American Reinsurance Company; Executive Risk Indemnity, Inc. (as successor in interest to American Excess Insurance Company); Westport Insurance Corporation (f/k/a Puritan Insurance Company); Employers Reinsurance Corporation; Fireman's Fund Insurance Company; National Surety Corporation; Travelers Casualty & Surety Company (as successor-in-interest to Aetna Casualty & Surety Company); and INSCO, Ltd.

2828366

# TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

**Bankruptcy Case #:** 01-10578
**District Court Civil Action #:**

**Deputy Clerk Transferring Case:** Nancy L'Heureux

**Cause of Transmittal:** Motion Withdrawing the Reference of their Joint Motion for Relief from the Automatic Stay to Commence a State Court Insurance Coverage Action to the U.S. District Court

**Parties:**

    **Debtor:** Federal-Mogul Global, Inc.
    **Debtor's Counsel:** James E. O'Neill

    **Movant(s):** ACE Property and Casualty Insurance Company
Central National Insurance Company of Omaha
Century Indemnity Company (for itself and as successor-in-interest to Insurance Company of North America)
Insurance Company of North America
OneBeacon American Insurance Company (as a successor to the Employer Liability Assurance Corp.
Pacific Employers Insurance Company
Seaton Insurance Company (formerly Unigard Mutual Insurance Company)
St. Paul Mercury Insurance Company
Stonewall Insurance Company
TIG Insurance Company (as successor by merger to International Insurance Company, successor by merger To International Surplus Lines Insurance Company)
United States Fire Insurance Company

    **Movant's Counsel:** Brian L. Kasprzak
Marks O'Neill O'Brien & Courtney P.C.