IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FEDERAL-MOGUL GLOBAL, INC., *et al.*, | ) | Case No. 01-10578 |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | Related Docket Nos. 10274 |
|  | ) | 10594, 10593, 10586, 10558, |
|  |  | 10524, 10437, 10436, 10435, |
|  |  | 10397, 10345, 10342, 10339 |
|  |  | 10320, 10317 |

## OPPOSITION TO CERTAIN INSURANCE COMPANIES' MOTION TO WITHDRAW THE REFERENCE OF CERTAIN INSURANCE COMPANIES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Federal-Mogul Products, Inc. ("FMP") respectfully submits this opposition to the

motion of Certain Insurers to withdraw the reference of their motion for relief from the

automatic stay (the "Withdraw-Reference Motion").[1]

The Withdraw-Reference Motion should be denied. The issues raised by the

motion for relief from the automatic stay (the "Lift-Stay Motion")[2] are basic bankruptcy

law questions that are best considered and decided by the bankruptcy court, which

specializes in bankruptcy law and is familiar with FMP's financial condition and

reorganization efforts. In addition, FMP has now filed a state court coverage action in

the Superior Court of New Jersey (the "New Jersey Action"), and FMP does not oppose

discretionary abstention in the pending adversary proceeding (the "Adversary

---

[1] The full title of the motion is "Certain Insurance Companies' Motion to Withdraw the Reference of Their Joint Motion for Relief From the Automatic Stay to Commence a State Court Insurance Coverage Action" (D.I. 10274). Although the Withdraw-Reference Motion was filed in the bankruptcy court, it seeks relief from the district court.

[2] The full title of the motion is "Certain Insurers' Joint Motion for Relief from the Automatic Stay to Commence a State Court Insurance Coverage Action Against Debtor." (D.I. 10273), Bankr. Proc. 01-10578 (Bankr. D. Del.).

Proceeding")[3] except as to one issue – corporate successorship – that has been fully briefed and, apart from a pending discovery dispute, is ripe for decision.[4]  Accordingly, none of the bases for relief alleged by the insurers in their Withdraw-Reference Motion applies on the facts presented.

## BACKGROUND

FMP filed for bankruptcy on October 1, 2001.  Pursuant to 11 U.S.C. § 362, the automatic stay took immediate effect, barring "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor[.]"  Over the past five years, the bankruptcy docket has grown to over 10,000 entries, and the bankruptcy court has considered at least twenty-four motions for relief from the automatic stay filed by various parties.[5]  The bankruptcy court also has presided over the filing of several proposed plans of reorganization.

On December 7, 2001, Dresser Industries, Inc. ("Dresser," now known as "DII Industries, LLC") initiated the Adversary Proceeding by filing a complaint against FMP and over seventy defendant insurance companies.  The district court withdrew the reference of the Adversary Proceeding from the bankruptcy court on January 28, 2002.  (The bankruptcy court retained jurisdiction over the main bankruptcy case.)  In contrast to the main bankruptcy case, the Adversary Proceeding was stayed from July 1, 2004 through July 5, 2006.

---

[3] *DII Indus., LLC v. Federal-Mogul Prods., Inc. (In re Federal-Mogul Global, Inc.)*, Adv. Proc. 01-09018 (Bankr. D. Del.).

[4] Certain Insurers have filed a motion for abstention in the Adversary Proceeding captioned "Certain Defendant Insurance Companies' Joint Motion to Abstain From Hearing Adversary Proceeding" (D.I. 785).

[5] *See* (D.Is. 233, 915, 959, 1065, 1218, 1258, 1465, 1566, 1647, 1800, 582591719, 582591917, 582591927, 582592293, 582592466, 582592691, 582592993, 3550, 3708, 3802, 4456, 4671, 4847, and 4999), Bankr. Proc. 01-10578 (Bankr. D. Del.).

On August 21, 2006, Certain Insurers filed the Abstention Motion in the Adversary Proceeding and the Lift-Stay Motion in the main bankruptcy case. In addition, they filed a motion in the main bankruptcy case seeking a determination as to the core/non-core status of the Lift-Stay Motion, along with the Withdraw-Reference Motion.[6] All parties agree that the Lift-Stay Motion is a core matter. *See* (D.I. 10275), Bankr. Proc. 01-10578 (Bankr. D. Del.) at 2.

On September 19, 2006, FMP filed an action in the Superior Court of New Jersey (the "New Jersey Action"). The complaint in the New Jersey Action generally tracks the cross-claims previously asserted by FMP against the defendant insurers in the Adversary Proceeding. The complaint seeks a declaration as to FMP's coverage rights under certain insurance policies, as well as damages for breach of contract and bad faith. A copy of that complaint is attached hereto as Attachment A to the Declaration of Alyson Foster, September 19, 2006 (Exhibit 1).

## ARGUMENT

The reference may not be withdrawn absent a showing of "cause," 28 U.S.C. § 157(d), and no cause has been shown here. *See NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 907 (D. Del. 1996) (noting that the burden of establishing "cause" for permissive withdrawal of reference is on party moving for withdrawal). Thus, the reference with respect to the Lift-Stay Motion should remain with the bankruptcy court.

In deciding whether cause has been established, "a court should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of

---

[6] "Certain Insurance Companies' Motion for Determination of Core/Non-Core Status of Joint Motion For Relief From The Automatic Stay to Commence A State Court Insurance Coverage Action, Bankr. Proc., 01-10578 (Bankr. D. Del.) (D.I. 10275).

efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101

(2d. Cir. 1993). Because the Lift-Stay Motion is a core matter, the questions it presents

"are particularly well suited to be addressed and resolved in the first instance by the

bankruptcy court with its special competence and expertise in such issues." *In re U.S.*

*Airways Group, Inc.*, 296 B.R. 673, 682 (E.D. Va. 2003). The Lift-Stay Motion's core

status alone can constitute a "threshold question" that justifies maintaining the reference.

*Id.* at 682.

Pragmatic goals such as "promoting uniformity in bankruptcy administration,

reducing forum shopping and confusion, fostering the economical use of the debtors' and

creditors' resources, and expediting the bankruptcy process" also may influence the

court's decision on whether to withdraw the reference. *In re Pruitt*, 910 F.2d 1160, 1168

(3d Cir. 1990). As the Second Circuit noted, however, those concerns primarily turn on

the core/non-core status of the referenced claim. *See In re Orion Pictures Corp.*, 4 F.3d

at 1101.

Because the Lift-Stay Motion seeks equitable relief on a core matter, the

bankruptcy court has authority to enter a final order on the matter. *See* 28 U.S.C.

§ 157(b). Accordingly, it is precisely the type of motion that Congress expected

bankruptcy courts to resolve on their own. The specific factors to be weighed in deciding

the Lift-Stay Motion highlight the centrality of bankruptcy law in the motion. *See*

*Maintainco, Inc. v. Mitsubishi Caterpillar Forklift America, Inc. (In re Mid-Atlantic*

*Handling Systems, LLC)*, 304 B.R. 111, 130 (Bankr. D.N.J. 2003) (listing twelve

potential factors to be considered in weighing a request for relief from a stay);[7] *In re*

---

[7] The factors include: (1) whether relief would result in a partial or complete resolution of the issues; (2) a
lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding

*Sonnax*, 912 F.3d. 1280, 1286 (2d Cir. 1990). In particular, the possibility of interference

with the bankruptcy, the interests of judicial economy, the impact of the stay on the

parties, and the balance of the harms will affect the ultimate decision as to whether or

when to lift the automatic stay.

In this particular case, the bankruptcy court is better positioned than the district

court to assess those factors. The bankruptcy court is already familiar with the parties to

the bankruptcy (many of whom have never even appeared in the Adversary Proceeding),

as well as the interests of the creditor constituencies and the reorganization-related needs

of FMP and the other debtors. Withdrawing the reference would frustrate the primary

purpose of the bankruptcy court system: providing specialized courts with the experience

and special competence to address bankruptcy issues expeditiously and efficiently. *See*

*In re Jaritz Indus., Ltd.*, 151 F.3d 93, 107 (3d Cir. 1998).

The insurers allege that a decision by the district court to abstain risks a situation

in which "the dispute will not proceed anywhere." Abstention Motion at 7. However,

the automatic stay prohibits suits "*against* the debtor." 11 U.S.C. § 362(a)(1) (emphasis

added). FMP, as the debtor, is free to file suit in any appropriate state court. *See*

*generally ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006).

Accordingly, the coverage dispute will be litigated in New Jersey if not here. Likewise,

because FMP does not object to the Court's granting of the Abstention Motion after the

---

involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been
established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for
defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum
would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action
is subject to equitable subordination; (9) whether the moving party's success in the other proceeding would
result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious
and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding;
and (12) impact of the stay on the parties and the balance of the harms. *See In re Mid-Atlantic Handling
Systems, LLC*, 304 B.R. at 130.

corporate successorship issue is decided, there is little risk that having the bankruptcy

court resolve the Lift-Stay Motion would result in duplicative litigation.  Of course, there

is nothing unusual about having bankruptcy courts decide lift-stay motions pertaining to

insurance-related litigation pending in other courts.  That happens all the time.  *See*

*ACandS,* 435 F.3d at 261 (stating that only the bankruptcy court for the District of

Delaware, and not the district court for the Eastern District of Pennsylvania, had authority

to grant relief from the automatic stay).

## CONCLUSION

For the reasons stated above, the Withdraw-Reference Motion should be denied.

Date:  September 19,  2006

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP.

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone:  302-652-4100
Facsimile:  302-652-4400

August J. Matteis, Jr.
Stephen A. Weisbrod
Alyson A. Foster
Derek Y. Sugimura
GILBERT HEINTZ & RANDOLPH LLP
1100 New York Avenue, NW
Washington, DC 20005
Telephone:  202-772-2200
Facsimile:  202-772-3333

*Counsel for Federal-Mogul Products, Inc.*

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| **FEDERAL-MOGUL GLOBAL, INC.,** *et al.,* | ) | Case No. 01-10578 |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |

## DECLARATION OF ALYSON A. FOSTER

I, Alyson A. Foster, pursuant to 28 U.S.C. Section 1746, under penalty of perjury, hereby declare as follows:

1.      I am an associate at the law firm of Gilbert Heintz & Randolph LLP, attorneys for Federal-Mogul Products, Inc.  I offer this Declaration in support of Federal-Mogul Products, Inc.'s Response to Certain Insurers' Joint Motion for Relief from the Automatic Stay to Commence a State Court Insurance Coverage Action Against Debtor and Federal-Mogul Products, Inc.'s Response to Certain Insurance Companies' Motion to Withdraw the Reference of Certain Insurance Companies' Motion for Relief from the Automatic Stay.

2.      Attached as Attachment A is a true and correct (but unsigned) copy of the complaint filed by Federal-Mogul Products, Inc. in the Superior Court of New Jersey on September 19, 2006.

Dated:  September 19, 2006

_____
Alyson A. Foster

# ATTACHMENT A

## TO THE DECLARATION OF ALYSON A. FOSTER

## September 19, 2006

Eugene Killian, Jr.
KILLIAN & SALISBURY, P.C.
77 Brant Avenue, Suite 115
Clark, New Jersey 07066
(732) 827-8600

*Attorney for Plaintiff Federal-Mogul Products, Inc.*

---

| | |
|---|---|
| FEDERAL-MOGUL PRODUCTS, INC., | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIV.: MORRIS COUNTY** |
| *Plaintiff,* | Docket No. |
| | *Civil Action* |
| v. | **COMPLAINT AND JURY DEMAND** |

ACE PROPERTY & CASUALTY INSURANCE
COMPANY (f/k/a Aetna Insurance Company);
AIU INSURANCE COMPANY;
ALLIANZ AG (as successor-in-interest to Allianz
Versicherungs AG);
ALLIANZ INSURANCE COMPANY;
ALLIANZ UNDERWRITERS INSURANCE
COMPANY (for itself and f/k/a Allianz
Underwriters Inc.);
ALLSTATE INSURANCE COMPANY (as
successor-in-interest to Northbrook Excess and
Surplus Insurance Company which was f/k/a
Northbrook Insurance Company);
AMERICAN HOME ASSURANCE COMPANY;
AMERICAN RE-INSURANCE COMPANY;
ASSOCIATED INTERNATIONAL INSURANCE;
ATLANTA INTERNATIONAL INSURANCE
COMPANY (f/k/a Drake Insurance Company of
New York);
BIRMINGHAM FIRE INSURANCE COMPANY
OF PENNSYLVANIA;
CENTURY INDEMNITY COMPANY (as
successor-in-interest to California Union Insurance
Company, Central National Insurance Company of
Omaha, Insurance Company of North America,
Pacific Employers Insurance Company);
CERTAIN LONDON MARKET INSURANCE
COMPANIES, including American Home
Assurance Company, Argonaut Northwest

Insurance Company, Beacon Insurance Company,
Compagnie Europeene d'Assurances Industrielles,
Delta Lloyd Non-Life Insurance Company Limited,
Dominion Insurance Company Limited, Elvia
Insurance Company (f/k/a Helvetia Accident Swiss
Insurance Company), Excess Insurance Company
Limited, Fortis Insurance Limited (f/k/a Bishopgate
Insurance Company), Generali-Assicurazioni
Generali, Highlands Insurance Company, Lexington
Insurance Company, London & Edinburgh General
Insurance Company, L'Union Atlantique S.A.
d'Assurances, National Casualty Company,
National Casualty Company of America Limited,
Royal Belge, St. Katherine Insurance Company
Ltd., Stronghold Insurance Company, Ltd., Swiss
Union General Insurance Company Limited, Terra
Nova Insurance Company, Ltd., Turegum Insurance
Company, Winterthur Swiss Insurance Company
(for itself and f/k/a Accident & Casualty Insurance
Company of Winterthur), Yasuda Fire and Marine
Insurance Company (UK) Ltd.;
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON;
COLUMBIA CASUALTY COMPANY;
CONTINENTAL CASUALTY;
CONTINENTAL INSURANCE COMPANY (for
itself and as successor-in-interest to the Harbor
Insurance Company);
E&O MANAGERS;
EMPLOYERS MUTUAL CASUALTY
COMPANY;
EMPLOYERS REINSURANCE CORPORATION;
EUROPEAN REINSURANCE COMPANY OF
ZURICH (f/k/a European General Reinsurance
Company of Zurich);
EVANSTON INSURANCE COMPANY;
EVEREST REINSURANCE COMPANY (f/k/a
Prudential Reinsurance Company);
EXECUTIVE RISK INDEMNITY, INC. (f/k/a
American Excess Insurance Company);
FEDERAL INSURANCE COMPANY;
FIREMAN'S FUND INSURANCE COMPANY;
FIRST STATE INSURANCE COMPANY;
GRANITE STATE INSURANCE COMPANY;
HARTFORD ACCIDENT AND INDEMNITY
COMPANY;

INSCO, LTD.;
INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA;
INTERNATIONAL INSURANCE COMPANY;
LEXINGTON INSURANCE COMPANY;
LUMBERMEN'S MUTUAL CASUALTY
COMPANY;
MT. MCKINLEY INSURANCE COMPANY (f/k/a
Gibraltar Casualty Company);
MUTUAL MARINE OFFICE, INC. (for itself, f/k/a
Mutual Marine Office of the Midwest, Inc., and as
managing agent and attorney-in-fact for Employers
Mutual Casualty Company);
NATIONAL SURETY CORPORATION;
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA;
NEW ENGLAND INSURANCE COMPANY;
NORTH STAR REINSURANCE
CORPORATION;
NORTHWESTERN NATIONAL INSURANCE
COMPANY;
ONEBEACON AMERICA INSURANCE
COMPANY (f/k/a Employers Commercial Union
Insurance Company and as successor-in-interest to
Falcon Insurance Company and to The Employers
Liability Assurance Corporation, Limited);
PROVIDENCE WASHINGTON INSURANCE
COMPANY;
ST. PAUL MERCURY INSURANCE COMPANY;
SAFETY NATIONAL CASUALTY
CORPORATION (f/k/a Safety Mutual Casualty
Corporation);
SEATON INSURANCE COMPANY (f/k/a
Unigard Mutual Insurance Company);
SENTRY INSURANCE, A MUTUAL COMPANY
(as assumptive reinsurer of Great Southwest Fire
Insurance Company);
STONEWALL INSURANCE COMPANY;
SWISS REINSURANCE COMPANY;
TRAVELERS CASUALTY AND SURETY
COMPANY;
UNDERWRITERS REINSURANCE COMPANY
(f/k/a UnionAmerica Reinsurance Company);
UNITED STATES FIRE INSURANCE
COMPANY;

WESTPORT INSURANCE CORPORATION
(f/k/a The Manhattan Fire and Marine Insurance
Company);
YOSEMITE INSURANCE COMPANY;
ZURICH INSURANCE COMPANY;
ZURICH INTERNATIONAL LIMITED,

     *Defendants.*

_____

     Federal-Mogul Products, Inc. ("FMP"), a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 26555 Northwestern Highway, Southfield, MI 48034, for its complaint against defendants, says:

## NATURE OF THE ACTION

     1.    The relief sought concerns certain primary and excess comprehensive general liability insurance policies issued by the defendant insurance companies listed below that provide coverage to FMP for the period January 1, 1968, through March 31, 1986 (the "Insurance Policies"). In consideration of substantial premiums, each defendant issued, participated in, and/or subscribed to policies of insurance to Studebaker-Worthington, Inc. ("Studebaker-Worthington") and/or McGraw-Edison Company ("McGraw-Edison"). The Insurance Policies include, but are not limited to, those listed in Exhibit A.

     2.    The Insurance Policies provide insurance coverage, including the obligation to make defense and indemnity payments, for a wide variety of claims and losses. FMP has been, and will continue to be, a named defendant in tens of thousands of cases pending in federal and state courts brought by claimants alleging actual or feared bodily injury, sickness, disease, death or other injury resulting from exposure to asbestos-containing products manufactured, distributed or sold by Wagner Electric Corporation ("Wagner") and/or its predecessors or successors ("Wagner Asbestos Claims"). FMP is alleged to be liable as the successor to Wagner.

3.     Upon knowledge, information and belief, each Defendant has refused to provide (or will refuse to provide) coverage to, or to recognize a duty to indemnify and a defense obligation to, FMP for Wagner Asbestos Claims.

4.     FMP seeks a declaration under the Declaratory Judgment Act, N.J.S.A. 2A:16-50 to 16-62, et seq., of the rights, duties, and liabilities of the parties under the Insurance Policies with respect to the Wagner Asbestos Claims.    FMP also seeks further relief, including a declaration that defendants have breached their coverage obligations in bad faith, and money damages for the harm caused by this unlawful conduct.

## THE PARTIES

### A.    Plaintiff FMP

5.     Plaintiff FMP is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Michigan.    FMP is a global supplier of automotive components and sub-systems serving the world's original equipment manufacturers and the aftermarket.

6.     One of FMP's corporate predecessors, Wagner, engaged in the assembly and manufacture of asbestos-containing brake products.

7.     The corporate relationship between Wagner and FMP is as follows.    As of December 31, 1967, Wagner was a wholly owned subsidiary of Studebaker Corporation, which was a direct subsidiary of Studebaker-Worthington, Inc. ("Studebaker-Worthington").    On October 23, 1979, Studebaker-Worthington merged with Kane Holdings, Inc., a wholly owned subsidiary of Edison International, Inc. ("Edison"), which was, in turn, a wholly owned subsidiary of McGraw-Edison. After the merger, Wagner remained a wholly owned subsidiary of Studebaker-Worthington, the surviving entity, which became a direct subsidiary of Edison,

which in turn was a subsidiary of McGraw-Edison.    On January 2, 1981, Studebaker-Worthington was merged into Edison, resulting in Wagner becoming a direct subsidiary of Edison, which remained in turn a subsidiary of McGraw-Edison. In 1985, Cooper Industries, Inc., ("Cooper") purchased McGraw-Edison and Wagner became a wholly owned subsidiary of Cooper. In 1997, Cooper merged Wagner into another Cooper subsidiary, Moog Automotive, Inc., which was subsequently purchased by Federal-Mogul, Inc., and renamed Federal-Mogul Products, Inc.

8.    From January 1, 1968 through December 31, 1986, the owners of Wagner's stock changed and the name of the corporation changed, but the corporate entity survived.

9.    As a corporate successor to Wagner, FMP has all insurance rights that were possessed by Wagner under Insurance Policies issued to Studebaker-Worthington and McGraw-Edison.

**B.    Defendants**

10.    Upon information and belief, Defendant ACE Property & Casualty Insurance Company (f/k/a Aetna Insurance Company) ("ACE") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

11.    Upon information and belief, Defendant AIU Insurance Company ("AIU") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

12.    Upon information and belief, Defendant Allianz AG (as successor-in-interest to Allianz Versicherungs AG) ("Allianz AG") is a corporation organized and existing under the laws of Germany, with its principal place of business in Germany.

13.    Upon information and belief, Defendant Allianz Insurance Company ("Allianz Insurance") is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California.

14.    Upon information and belief, Defendant Allianz Underwriters Insurance Company (for itself and f/k/a Allianz Underwriters Inc.) ("Allianz Underwriters") is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California.

15.    Upon information and belief, Defendant Allstate Insurance Company (as successor-in-interest to Northbrook Excess and Surplus Insurance Company which was f/k/a Northbrook Insurance Company) ("Allstate") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

16.    Upon information and belief, Defendant American Home Assurance Company ("American Home") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

17.    Upon information and belief, Defendant American Reinsurance Company ("American Re") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

18.    Upon information and belief, Defendant Associated International Insurance Company ("Associated International") is a corporation organized and existing under the laws of the State of California, with its principal place of business in the Commonwealth of Virginia.

19.    Upon information and belief, Defendant Atlanta International Insurance Company (f/k/a Drake Insurance Company of New York) ("Atlanta International") is a corporation

organized and existing under the laws of the State of New York, with its principal place of business in the State of Georgia.

20.    Upon information and belief, Defendant Birmingham Fire Insurance Company of Pennsylvania ("Birmingham Fire") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the State of New York.

21.    Upon information and belief, Defendant Century Indemnity Company (as successor-in-interest to California Union Insurance Company, Central National Insurance Company of Omaha, Insurance Company of North America, Pacific Employers Insurance Company) ("Century Indemnity"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the Commonwealth of Pennsylvania.

22.    Defendants Certain London Market Insurance Companies, including American Home Assurance Company, Argonaut Northwest Insurance Company, Beacon Insurance Company, Compagnie Europeene d'Assurances Industrielles, Delta Lloyd Non-Life Insurance Company Limited, Dominion Insurance Company Limited, Elvia Insurance Company (f/k/a Helvetia Accident Swiss Insurance Company), Excess Insurance Company Limited, Fortis Insurance Limited (f/k/a Bishopgate Insurance Company), Generali-Assicurazioni Generali, Highlands Insurance Company, Lexington Insurance Company, London & Edinburgh General Insurance Company, L'Union Atlantique S.A. d'Assurances, National Casualty Company, National Casualty Company of America Limited, Royal Belge, St. Katherine Insurance Company Ltd., Stronghold Insurance Company, Ltd., Swiss Union General Insurance Company Limited, Terra Nova Insurance Company, Ltd., Turegum Insurance Company, Winterthur Swiss Insurance Company (for itself and f/k/a Accident & Casualty Insurance Company of

Winterthur), Yasuda Fire and Marine Insurance Company (UK) Ltd., and potentially certain other insurers not yet identified (collectively, the "London Companies"), refers to insurance companies organized under the laws of, and having their principal places of business in, various countries outside the United States and within the United States, that participate in or subscribe to insurance policies, including but not limited to policies listed in Exhibit A, that provide coverage for Wagner Asbestos Claims.

23.    Defendants Certain Underwriters at Lloyd's, London ("London Underwriters") refers to individuals or entities, residing in countries around the world, who participate in and/or subscribe to insurance policies, including but not limited to policies listed in Exhibit A, that provide coverage for Wagner Asbestos Claims.

24.    Upon information and belief, Defendant Columbia Casualty Company ("Columbia Casualty") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

25.    Upon information and belief, Defendant Continental Casualty Company ("Continental Casualty") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

26.    Upon information and belief, Defendant Continental Insurance Company (for itself and as successor-in-interest to the Harbor Insurance Company) ("Continental Insurance") is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in the State of Illinois.

27.    Upon information and belief, E&O Managers is either a domestic or foreign insurance entity that issued and/or subscribed to a single insurance policy issued to, among others, Studebaker-Worthington, Inc. The present whereabouts of E&O Managers is unknown.

28.    Upon information and belief, Defendant Employers Mutual Casualty Company ("Employers Mutual") is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa.

29.    Upon information and belief, Defendant Employers Reinsurance Corporation ("Employers Re") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Kansas.

30.    Upon information and belief, Defendant European Reinsurance company of Zurich (f/k/a European General Reinsurance Company of Zurich) ("European Re") is a corporation organized and existing under the laws of Switzerland, with its principal place of business in Switzerland.

31.    Upon information and belief, Defendant Evanston Insurance Company ("Evanston") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the Commonwealth of Virginia.

32.    Upon information and belief, Defendant Everest Reinsurance Company (f/k/a Prudential Reinsurance Company) ("Everest Re") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

33.    Upon information and belief, Defendant Executive Risk Indemnity, Inc. (f/k/a American Excess Insurance Company) ("Executive Risk") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Connecticut.

34.    Upon information and belief, Defendant Federal Insurance Company ("Federal") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in the State of New Jersey.

35.    Upon information and belief, Defendant Fireman's Fund Insurance Company ("Fireman's Fund") is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California.

36.    Upon information and belief, Defendant First State Insurance Company ("First State") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in the Commonwealth of Massachusetts.

37.    Upon information and belief, Defendant Granite State Insurance Company ("Granite State") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the State of New York.

38.    Upon information and belief, Defendant Hartford Accident and Indemnity Company ("Hartford") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

39.    Upon information and belief, Defendant Insco, Ltd. ("Insco") is a corporation organized and existing under the laws of Bermuda, with its principal place of business in Bermuda.

40.    Upon information and belief, Defendant Insurance Company of the State of Pennsylvania ("ICSPA") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the State of New York.

41.    Upon information and belief, Defendant International Insurance Company ("International") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of New Hampshire.

42.    Upon information and belief, Defendant Lexington Insurance Company ("Lexington") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Massachusetts.

43.    Upon information and belief, Defendant Lumbermen's Mutual Casualty Company ("Lumbermen's") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

44.    Upon information and belief, Defendant Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company) ("Mt. McKinley") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

45.    Upon information and belief, Defendant Mutual Marine Office, Inc. (for itself, f/k/a Mutual Marine Office of the Midwest, Inc., and as managing agent and attorney-in-fact for Employers Mutual Casualty Company) ("MMO") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

46.    Upon information and belief, Defendant National Surety Corporation ("National Surety") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of California.

47.    Upon information and belief, Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in the State of New York.

48.    Upon information and belief, Defendant New England Insurance Company ("New England") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in the Commonwealth of Massachusetts.

49.    Upon information and belief, Defendant North Star Reinsurance Corporation ("North Star") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Connecticut.

50.    Upon information and belief, Defendant Northwestern National Insurance Company ("Northwestern") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in the State of Ohio.

51.    Upon information and belief, Defendant OneBeacon America Insurance Company (f/k/a Employers Commercial Union Insurance Company and as successor-in-interest to Falcon Insurance Company and to The Employers Liability Assurance Corporation, Limited) ("OneBeacon") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in the Commonwealth of Massachusetts.

52.    Upon information and belief, Defendant Providence Washington Insurance Company ("Providence Washington") is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in the State of Rhode Island.

53.    Upon information and belief, Defendant St. Paul Mercury Insurance Company ("St. Paul") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.

54.    Upon information and belief, Defendant Safety National Casualty Corporation (f/k/a Safety Mutual Casualty Corporation) ("Safety National") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri.

55.    Upon information and belief, Defendant Seaton Insurance Company (f/k/a Unigard Mutual Insurance Company) ("Seaton") is a corporation organized and existing under

the laws of the State of Washington, with its principal place of business in the Commonwealth of Massachusetts.

56.    Upon information and belief, Defendant Sentry Insurance, a Mutual Company (as assumptive reinsurer of Great Southwest Fire Insurance Company) ("Sentry") is a corporation organized and existing under the laws of the State of Wisconsin, with is principal place of business in the State of Wisconsin.

57.    Upon information and belief, Defendant Stonewall Insurance Company ("Stonewall") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the Commonwealth of Massachusetts.

58.    Upon information and belief, Defendant Swiss Reinsurance Company ("Swiss Re") is a corporation organized and existing under the laws of Switzerland, with its principal place of business in Switzerland.

59.    Upon information and belief, Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) ("Travelers") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

60.    Upon information and belief, Defendant Underwriters Reinsurance Company (f/k/a UnionAmerica Reinsurance Company) ("Underwriters Re") is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in the State of California.

61.    Upon information and belief, Defendant United States Fire Insurance Company ("U.S. Fire") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New Jersey.

62.    Upon information and belief, Defendant Westport Insurance Corporation (f/k/a The Manhattan Fire and Marine Insurance Company) ("Westport") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Kansas.

63.    Upon information and belief, Defendant Yosemite Insurance Company ("Yosemite") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in the State of Indiana.

64.    Upon information and belief, Defendant Zurich Insurance Company ("Zurich") is a corporation organized and existing under the laws of Switzerland, with its principal place of business in Switzerland.

65.    Upon information and belief, Defendant Zurich International Limited ("Zurich International") is a corporation organized and existing under the laws of England, with its principal place of business in England.

66.    ACE, AIU, Allianz AG, Allianz Insurance, Allianz Underwriters, Allstate, American Home, American Re, Associated International, Atlanta International, Birmingham Fire, Century Indemnity, Columbia Casualty, Continental Casualty, Continental, E&O Managers, Employers Mutual, Employers Re, European Re, Evanston, Everest Re, Executive Risk, Federal, Fireman's Fund, First State, Granite State, Hartford, Insco, ICSPA, International, Lexington, London Companies, London Underwriters, Lumbermen's, Mt. McKinley, MMO, National Surety, National Union, New England, North Star, Northwestern, OneBeacon, Providence Washington, St. Paul, Safety National, Seaton, Sentry, Stonewall, Swiss Re, Travelers, Underwriters Re, U.S. Fire, Westport, Yosemite, Zurich, and Zurich International are each sometimes herein referred to as a "Defendant" and together as "Defendants."

67.    Each Defendant is responsible for, participates in, and/or subscribes to one or more Insurance Policies, including but not limited to policies listed in Exhibit A, that provide coverage for Wagner Asbestos Claims.

## JURISDICTION AND VENUE

68.    The jurisdiction of this Court is invoked pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50 et seq., to determine questions of actual controversy between and among the parties.

69.    FMP asserts the coverage rights of Wagner, its corporate predecessor, for policies issued from 1968 through early 1986. During that period, the interrelated events and acts giving rise to FMP's claims for coverage under the Insurance Policies had more connections to New Jersey than to any other state.  From 1974 through 1987, Wagner was headquartered in Parsippany, New Jersey, which is in Morris County. In 1968 and 1969, all insurance policies were issued to Studebaker-Worthington in its office in Harrison, New Jersey. In many of the years in question, the insurance policies were sold and/or issued through brokers in New Jersey.

70.    This Court has personal jurisdiction over the named Defendants under Rule 4:4-4(b) of the New Jersey Rules Governing Civil Practice in the Superior Court, Tax Court and Surrogate's Court (the "Superior Court Rules") because each Defendant is now or has been incorporated in New Jersey; or was licensed to do business in the State of New Jersey within the time period relevant to the claims stated herein; or has transacted business within New Jersey by, inter alia, doing a series of acts in New Jersey for the purpose of realizing pecuniary benefit, contracting to supply services in New Jersey, or contracting to insure persons, property, or risks located in New Jersey; or has contractually or otherwise agreed to submit to personal jurisdiction in New Jersey; or has succeeded to the obligations of insurers who were authorized to do

business in the State of New Jersey, have transacted business in the State of New Jersey, or have consented to the jurisdiction of this Court; or has had other significant contacts with New Jersey. Each Defendant therefore has minimum contacts with New Jersey that give rise to the present action, has continuous and systematic contacts with New Jersey, and/or has consented either explicitly or implicitly to the jurisdiction of this Court. The assertion of personal jurisdiction therefore comports with notions of fair play and substantial justice.

71.     Under Superior Court Rule 4:3-2(a), venue is proper in Morris County. During the period in question, the interrelated acts and events that triggered FMP's claims for coverage under the Insurance Policies occurred in substantial part in Morris County because, from 1974 through 1987, Wagner was headquartered in Parsippany, New Jersey, Morris County. On information and belief, all Defendants have sold and/or continue to sell insurance coverage in Morris County and to Morris County residents, and therefore are actually doing business in Morris County.

## INSURANCE POLICIES AT ISSUE

72.     As to each of the Insurance Policies, all of which were in full force and effect at material times, FMP and/or its corporate predecessors have satisfied all pertinent terms and conditions.

73.     Copies of the Insurance Policies, or information equal or superior to that possessed by FMP, are in the possession of Defendants.

74.     Under the terms of the Insurance Policies, Defendants must pay all sums that FMP becomes legally obligated to pay to third parties as a result of bodily injury, personal injury, or public liability claims against the insured, as long as any part of the injury occurs during the period covered by the policies. This contractual obligation (the "duty to indemnify")

is subject only to applicable limits of liability, if any, expressly and unambiguously stated in the Insurance Policies.

75.     Under the terms of the Insurance Policies, Defendants must defend any claim against FMP, and/or pay defense-related costs, including attorneys' fees and supplementary costs and expenses, incurred by or on behalf of FMP in connection with a claim against it, where the allegations or the available information indicate that the claim permits proof of bodily injury, personal injury, or public liability for which Defendants might incur a duty to indemnify. This contractual obligation (the "defense obligation") is subject only to applicable limits of liability, if any, expressly and unambiguously stated in the Insurance Policies.

76.     The defense obligation applies unless the allegations in the underlying claim preclude all possibility that the duty to indemnify could arise. The defense obligation applies even if the allegations are groundless, false, or fraudulent.

77.     Pursuant to the terms and conditions of the Insurance Policies, each Defendant is liable or may become liable to FMP to pay all sums that FMP has or will become obligated to pay – through judgment, settlement, or otherwise – with respect to the Wagner Asbestos Claims.

78.     Pursuant to the terms and conditions of the Insurance Policies, each Defendant is obligated or will become obligated to FMP to defend all Wagner Asbestos Claims against FMP and/or to pay defense-related costs, including attorneys' fees and supplementary costs and expenses, that have been or will be incurred by or on behalf of FMP in connection with the Wagner Asbestos Claims.

79.     Prior to the filing of FMP for reorganization on October 1, 2001, several Defendants paid asbestos-related bodily injury claims brought against Wagner or its corporate successors, including entities that are FMP's corporate predecessors.

80.    Upon knowledge, information, and belief, each Defendant has refused to provide (or will refuse to provide) coverage to, or to recognize a duty to indemnify and a defense obligation to, FMP for Wagner Asbestos Claims.

81.    For each Wagner Asbestos Claim, injury within the meaning of the Insurance Policies commences upon the allegedly injured person's first exposure to asbestos and continues through the date of the person's death.

## BANKRUPTCY PROCEEDINGS

FMP Files for Bankruptcy Protection

82.    Tens of thousands of individuals have brought Wagner Asbestos Claims against FMP as the corporate successor to Wagner. These claimants typically allege that they or their decedents suffered injurious exposure to asbestos or asbestos products manufactured, sold and/or distributed by FMP, that such exposure continued for many months or years, and that many years after the initial exposure they discovered one or more asbestos-related injuries.

83.    As a result of the demands and costs imposed by the Wagner Asbestos Claims, on October 1, 2001, FMP filed for reorganization by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware. FMP's bankruptcy case is administratively consolidated with that of its parent, Federal-Mogul Global, Inc. at Case No. 01-10578. The Wagner Asbestos Claims are currently stayed pursuant to the automatic stay of Section 362 of the Bankruptcy Code.

84.    The existing Wagner Asbestos Claims allege, and FMP anticipates that future claims will likely continue to allege, that injury has occurred during periods in which coverage is provided to FMP by one or more of the Insurance Policies.

<u>Dresser Initiates An Adversary Proceeding to Determine</u>

<u>FMP's and Dresser's Rights to the Insurance Policies</u>

85.    On December 7, 2001, Dresser Industries, Inc. ("Dresser") filed a one-count complaint as an adversary proceeding in the Bankruptcy Court for the District of Delaware against FMP and many of the Defendants alleging that Dresser has competing coverage rights under the Insurance Policies "for various pending and future lawsuits alleging bodily injury or death from alleged exposure to asbestos or asbestos-containing materials" (the "Dresser Adversary Proceeding").    Dresser sought a declaration of the extent to which the insurance policies are the property of Dresser and FMP, and of Dresser's and Federal-Mogul's coverage rights under those policies with respect to the asbestos-related liabilities.

86.    With its Answer to Dresser's Third Amended Complaint, FMP filed a one-count cross-claim and counter-claim seeking a declaration of its rights and obligations under the insurance policies.

<u>The Defendant Insurers Deny Coverage on the Grounds That FMP is Not the Corporate Successor to Wagner and that Wagner is not a Named Insured Under the Insurance Policies</u>

87.    In December 2003, most or all Defendants filed a motion for partial summary judgment in the Dresser Adversary Proceeding against FMP on the ground that, as a result of the corporate transactions by which Wagner became FMP, FMP did not retain or inherit any rights to insurance coverage that were possessed by Wagner (the "corporate successorship" issue).

88.    FMP also filed a motion for partial summary judgment on the corporate successorship issue.

89.    Most or all Defendants also filed a motion for partial summary judgment on the grounds that Wagner is not insured under the Insurance Policies.    (The parties refer to this as the

so-called "named insured" issue.)

90.     FMP moved to strike the "named insured" motion or, in the alternative, for a stay

of the motion pending the conduct of necessary discovery under Rule 56(f) of the Federal Rules

of Civil Procedure.

91.     The insurers' justification for denying coverage based on corporate successorship

is frivolous and contrary to settled law.  Each transaction in FMP's corporate history with respect

to Wagner was effectuated by a stock sale, and it is black letter law that the assets of a

corporation whose stock is transferred continue to belong to that corporation.  Accordingly, this

ground for denying coverage is unreasonable and not even fairly debatable.

92.     Defendants knew or recklessly disregarded the unreasonableness of this

justification.     Remarkably, after filing their summary judgment motion on corporate

successorship, several Defendants acknowledged the frivolousness of this justification in a brief

filed in an unrelated case in the Ohio Supreme Court:

> There is no dispute that insurance policies transfer in the context of a
> corporate merger. . . . [T]hat is because, in the merger context, state
> statutes mandate the transfer of insurance rights.  The general corporation
> laws of Ohio and New York -- like similar laws in the other 48 states --
> provide that, after a merger, the surviving corporation possesses all of the
> assets, property, and rights that each of the merging companies had before
> the merger.[1]

Thus, several Defendants have acknowledged in a public forum that this asserted justification for

denying benefits to FMP is baseless under the law of all fifty states.

The "Partitioning" of Coverage and Dresser's Dismissal of its Claims

93.     On November 18, 2004, the Bankruptcy Court approved an agreement known as

---

[1] Brief for Appellants Lumbermens Mutual Casualty Co., Hartford Accident and Indemnity Co., American Motorists
Insurance Co., Century Indemnity Co. and Certain Underwriters at Lloyd's, London, and London Market Insurance
Cos., *Glidden Co. v. Lumbermens Mut. Cas. Co.*, No. 05-0293 (Ohio filed Aug. 8, 2005).  All of those insurers, or
their affiliates, are defendants here, except American Motorists.

the "Partitioning Agreement," which resolved certain disputes among FMP, Dresser, and one of Federal-Mogul's former corporate predecessors, Cooper.   The parties to the Partitioning Agreement agreed that the unexhausted aggregate limits for each of the insurance policies will be divided such that Dresser will have fifty percent of the unexhausted limits for each policy, and FMP and Cooper will share the other fifty percent.  FMP and Cooper have agreed to a term sheet with respect to their shared partition limits.

94.     Because Dresser has settled its dispute with FMP, and has settled or will settle its disputes with the insurer-defendants in the Dresser Adversary Proceeding, Dresser has sought dismissal of its claims in the Dresser Adversary Proceeding.

### The Parties' Agree That the Bankruptcy Court Should Abstain from Hearing the Coverage Action

95.     With respect to FMP's cross-claim in the Dresser Adversary Proceeding, FMP and Defendants agree in part that the Bankruptcy Court should abstain from hearing FMP's declaratory judgment action because it is based on state law and does not fall under that Court's core bankruptcy jurisdiction.  Both FMP and most Defendants have submitted papers to that Court arguing that the Court should exercise its discretion to abstain under 28 U.S.C. § 1334(b). However, because the corporate successorship motions are ripe for resolution, Federal-Mogul has taken the position that the Bankruptcy Court should rule on those motions before it abstains from hearing the remainder of the case.

### COUNT I
### (DECLARATORY JUDGMENT, N.J.S.A. 2A:16-52)

96.     FMP repeats and incorporates by reference the allegations set forth above.

97.     Each Defendant is obligated to pay on behalf of FMP all sums that FMP becomes obligated, through judgment, settlement, or otherwise, to pay with respect to each of the Wagner

Asbestos Claims.

98.    Each Defendant is obligated to defend FMP fully and/or to pay in full all defense and supplemental expenses incurred with respect to the investigation or defense of the Wagner Asbestos Claims.

99.    FMP is entitled to a declaration of the rights and obligations of the parties.

100.    FMP has incurred substantial costs in the settlement, investigation, and defense of the Wagner Asbestos Claims.

101.    An actual, justiciable controversy exists between the plaintiff and the Defendants regarding the proper interpretation of the Insurance Policies.

102.    The issuance of declaratory relief by this Court will terminate some or all of the existing controversies among the parties.

**COUNT II**
**(BREACH OF CONTRACT)**

103.    FMP repeats and incorporates by reference the allegations set forth above.

104.    Each of the Insurance Policies constitutes a valid and enforceable contract.

105.    FMP performed all obligations and conditions, whether express or implied, under each of the Insurance Policies.

106.    In breach of the Insurance Policies, Defendants have declined or failed to perform fully their indemnity and defense coverage and payment obligations with respect to Wagner Asbestos Claims, or have affirmatively stated that they intend to do so.

107.    Defendants' breaches of their contracts of insurance with FMP have had the direct and proximate result of depriving or threatening to deprive FMP of the benefits of its liability insurance coverage, for which it paid substantial premiums. By depriving or threatening to deprive FMP of its insurance coverage, Defendants have directly damaged, or will directly

damage, FMP by forcing it to pay for the settlement, investigation, and defense of Wagner Asbestos Claims.

108.    Defendants' breaches of their contracts of insurance with FMP also have caused reasonably foreseeable consequential harm to FMP.  These consequential damages include, without limitation, the attorneys' fees and expenses involved in the prosecution of this action, pursuant to Rule 4:42-9(a)(6) of the Rules Governing the Courts of the State of New Jersey; any amounts due, including interest, to any third parties who have paid Wagner Asbestos Claims in lieu of Defendants' payments; and the lost earnings on amounts wrongfully withheld by Defendants.

109.    As FMP's insurers, Defendants and FMP were in a fiduciary relationship when Defendants breached their contracts of insurance.  Defendants acted with actual malice and/or a wanton and reckless disregard of the persons or entities, including but not limited to FMP, that foreseeably might be harmed by Defendants' denial of benefits and/or delay in paying benefits. As a result of Defendants' egregious breaches of contract while in a fiduciary relationship with FMP, each Defendant is liable to FMP for punitive damages under N.J.S.A. 2A:15-5.12.

### COUNT III
### (BAD FAITH REFUSAL TO PAY CLAIMS AND/OR DELAY IN PROCESSING CLAIMS)

110.    FMP repeats and incorporates by reference the allegations set forth above.

111.    Pursuant to the Insurance Policies, each of the Defendants stands in a fiduciary relationship to its insured, FMP.

112.    Placing their self-interest ahead of the interests of FMP, Defendants frivolously and unreasonably breached their fiduciary and other known duties arising from the Insurance Policies and the known duty of good faith and fair dealing by refusing to acknowledge their

coverage obligations under the Insurance Policies and/or by refusing to pay (or threatening to refuse to pay) to FMP any indemnity or defense proceeds contractually due in respect of the Wagner Asbestos Claims. Defendants lacked any reasonable (and/or fairly debatable) basis for denying (and/or delaying processing of the claims seeking) coverage benefits owed to Federal-Mogul under the Insurance Policies, and knew of or acted in reckless disregard of this lack of reasonable (and/or fairly debatable) justification.

113.    Defendants acted with actual malice and/or a wanton and reckless disregard of the persons or entities, including but not limited to FMP, that foreseeably might be harmed by Defendants' denial of benefits and/or delay in paying benefits. Defendants' conduct is especially egregious given that there is no basis in the law of insurance generally or of asbestos bodily insurance coverage specifically to make Defendants' positions even colorable.

114.    Furthermore, Defendants' conduct is an unfair practice in violation of the standards codified at N.J.S.A. 17:29B-4(9)(f), which prohibits insurance companies from "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."

115.    As a result of Defendants' bad faith denial of insurance coverage, bad faith delay in processing claims seeking such coverage, and/or bad faith anticipatory breaches of their policies through affirmative denial of their coverage obligations to FMP, each Defendant is liable to FMP for compensatory damages plus interest; punitive damages under N.J.S.A. 2A:15-5.12; and expenses and attorneys' fees pursuant to Rule 4:42-9(a)(6) of the Rules Governing the Courts of the State of New Jersey fees.

## REQUEST FOR RELIEF

FMP respectfully requests that this Court enter judgment declaring FMP's coverage

rights under the Insurance Policies for the Wagner Asbestos Claims, including that:

(a)    Each Defendant, pursuant to the terms of the insurance policy or policies it or its predecessor issued to FMP, is independently liable to pay all sums that FMP has become or will become obligated to pay, through judgment, settlement, or otherwise, with respect to Wagner Asbestos Claims, now or in the future, unless such Defendant establishes that no part of the alleged injury could have occurred during a period covered by one of its insurance policies or that no limits are available because applicable limits have been exhausted.  The obligation of each Defendant to make full payment on behalf of FMP is subject only to any applicable limits of liability, if any, expressly and unambiguously stated in each Defendant's insurance policy or policies;

(b)    Each Defendant, pursuant to the terms of the Insurance Policies, is independently obligated to defend FMP and/or to pay all defense-related costs, including attorneys' fees and supplemental costs and expenses, incurred by or on behalf of FMP in connection with the Wagner Asbestos Claims that are now pending or that may be asserted against FMP in the future, unless such Defendant establishes that no part of the alleged injury could have occurred during a period covered by one of its Insurance Policies or that no limits are available because applicable limits have been exhausted;

(c)    For purposes of coverage under the Insurance Policies, injury in an Asbestos Claim commences with the allegedly injured person's first exposure to asbestos and continues through the person's death; and

(d)    Each Defendant is in bad faith breach of its contractual obligations under its respective insurance policies.

FMP further requests that this Court enter judgment awarding FMP:

(e)     the actual compensatory and consequential damages sustained by FMP as a result of Defendants' breaches of their Insurance Policies, in an amount to be established through proof at trial;

(f)     punitive damages;

(g)     prejudgment interest as to FMP's compensatory and consequential damages at the maximum rate permitted by law;

(h)     the attorneys' fees and costs FMP has incurred and will incur in prosecuting this action; and

(i)     such other and further relief the Court may deem just and proper.

Dated:  September 19, 2006

By: s/ Eugene Killian, Jr.
    Eugene Killian, Jr.
    KILLIAN & SALISBURY, P.C.
    77 Brant Avenue, Suite 115
    Clark, New Jersey 07066
    (732) 827-8600

August J. Matteis, Esq.
Stephen A. Weisbrod, Esq.
GILBERT HEINTZ & RANDOLPH LLP
1100 New York Ave. N.W., Suite 700
Washington, D.C. 20005
(202) 772-2200

*Of Counsel for Plaintiff Federal-Mogul Products, Inc.*

## DEMAND FOR JURY TRIAL AND NOTICE PURSUANT TO RULE 4:35 - 1

Pursuant to Rule 4:35-1 of the Superior Court Rules, Plaintiff demands a trial by jury on all issues involved herein.

Dated:  September 19, 2006          By:  _s/ Eugene Killian, Jr._           
                                        Eugene Killian, Jr.
                                        KILLIAN & SALISBURY, P.C.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Eugene Killian, Jr. of the firm of Killian & Salisbury, P.C. as its trial counsel in this case.  Plaintiff reserves its right to amend this designation.

Dated:  September 19, 2006          By:  _s/ Eugene Killian, Jr._           
                                        Eugene Killian, Jr.
                                        KILLIAN & SALISBURY, P.C.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1 of the Superior Court Rules, I hereby certify to the best of my knowledge, information and belief, that Count One of the above Complaint, seeking a declaratory judgment as to the rights and obligations of FMP and the Defendants under the Insurance Policies, currently is the subject of an adversary proceeding pending in the Bankruptcy Court for the District of Delaware.

That adversary proceeding, Case No. 01-09018 (adversary proceeding), was filed on or about December 7, 2001, by Dresser Industries, Inc. ("Dresser"), against FMP, the insurance companies named as defendants in this Complaint, and additional insurance companies that are

not named in this Complaint:

- Certain Underwriters at Lloyd's, London
- Certain London Market Insurance Companies, including American Home Assurance Company, Argonaut Northwest Insurance Company, Beacon Insurance Company, Compagnie Europeene d'Assurances Industrielles, Delta Lloyd Non-Life Insurance Company Limited, Dominion Insurance Company Limited, Elvia Insurance Company (f/k/a Helvetia Accident Swiss Insurance Company), Excess Insurance Company Limited, Fortis Insurance Limited (f/k/a Bishopgate Insurance Company), Generali-Assicurazioni Generali, Highlands Insurance Company, Lexington Insurance Company, London & Edinburgh General Insurance Company, L'Union Atlantique S.A. d'Assurances, National Casualty Company, National Casualty Company of America Limited, Royal Belge, St. Katherine Insurance Company Ltd., Stronghold Insurance Company, Ltd., Swiss Union General Insurance Company Limited, Terra Nova Insurance Company, Ltd., Turegum Insurance Company, Winterthur Swiss Insurance Company (for itself and f/k/a Accident & Casualty Insurance Company of Winterthur), Yasuda Fire and Marine Insurance Company (UK) Ltd., and potentially certain other insurers not yet identified.
- AIU Insurance Company
- ACE Property & Casualty Insurance Company (f/k/a Aetna Insurance Company)
- Allianz AG (as successor-in-interest to Allianz Versicherungs AG)
- Allianz Insurance Company
- Allianz Underwriters Insurance Company (for itself and f/k/a Allianz Underwriters Inc.)
- Allstate Insurance Company (as successor-in-interest to Northbrook Excess and Surplus Insurance Company which was f/k/a Northbrook Insurance Company)
- American Home Assurance Company
- American Re-Insurance Company
- Associated International Insurance Company
- Atlanta International Insurance Company (f/k/a Drake Insurance Company of New York)
- Birmingham Fire Insurance Company of Pennsylvania
- Century Indemnity Company (as successor-in-interest to California Union Insurance Company, Central National Insurance Company of Omaha, Insurance Company of North America, Pacific Employers Insurance Company)
- Columbia Casualty Company
- Continental Casualty Company
- The Continental Insurance Company (for itself and as successor-in-interest to the Harbor Insurance Company)
- E&O Managers
- Employers Mutual Casualty Company
- Employers Reinsurance Corporation
- European Reinsurance Company of Zurich (f/k/a European General Reinsurance

Company of Zurich)
- Evanston Insurance Company
- Everest Reinsurance Company (f/k/a Prudential Reinsurance Company)
- Executive Risk Indemnity, Inc. (f/k/a American Excess Insurance Company)
- Federal Insurance Company
- Fireman's Fund Insurance Company
- First State Insurance Company
- Granite State Insurance Company
- Hartford Accident and Indemnity Company
- Highlands Insurance Company
- The Home Insurance Company (for itself and f/k/a City Insurance Company)
- Insco, Ltd.
- The Insurance Company of the State of Pennsylvania
- International Insurance Company
- Lexington Insurance Company
- Lumbermen's Mutual Casualty Company
- Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company)
- Mutual Marine Office, Inc. (for itself, f/k/a Mutual Marine Office of the Midwest, Inc., and as managing agent and attorney-in-fact for Employers Mutual Casualty Company)
- National Surety Corporation
- National Union Fire Insurance Company of Pittsburgh, PA
- New England Insurance Company
- North Star Reinsurance Corporation
- Northwestern National Insurance Company
- OneBeacon America Insurance Company (f/k/a Employers Commercial Union Insurance Company and as successor-in-interest to Falcon Insurance Company and to The Employers Liability Assurance Corporation, Limited)
- Providence Washington Insurance Company
- St. Paul Mercury Insurance Company
- Safety National Casualty Corporation
- Seaton Insurance Company (f/k/a Unigard Mutual Insurance Company)
- Sentry Insurance, A Mutual Company (as assumptive reinsurer of Great Southwest Fire Insurance Company)
- Stonewall Insurance Company
- Swiss Reinsurance Company
- Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)
- Underwriters Reinsurance Company (f/k/a UnionAmerica Reinsurance Company)
- United States Fire Insurance Company
- Westport Insurance Corporation (f/k/a The Manhattan Fire and Marine Insurance Company)
- Yosemite Insurance Company
- Zurich Insurance Company

- Zurich International Limited

In its one-count complaint, Dresser seeks a declaration of the rights and obligations of Dresser and Federal-Mogul under the Insurance Policies.

In response to Dresser's complaint, FMP filed a cross-claim against the insurer defendants and a counterclaim against Dresser seeking a declaration of FMP's rights under the Insurance Policies.

Dresser Industries, Inc. is in the process of withdrawing from that action. Once Dresser Industries, Inc. has withdrawn from the action, FMP's cross-claim will be the only "live" claim in that case.

Most or all Defendants have filed papers in the Bankruptcy Court asking the Bankruptcy Court to abstain from hearing FMP's cross-claim. Certain Defendants also have filed a motion seeking permission to file a complaint in New York State Court and have provided a copy of a draft complaint, which lists as defendants certain other companies that also may have claims to coverage under the policies at issue.

FMP has filed papers in the Bankruptcy Court asking the Bankruptcy Court to abstain from hearing FMP's cross-claim after that Court has ruled on pending cross-motions for partial summary judgment with respect to the issue of corporate successorship (described above in ¶¶ 86-87, 90-91).

Other than the matters disclosed in this certification, the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding. To the best of my knowledge, no other action or arbitration proceeding is contemplated. I am aware of no non-party who should be joined in the action or who is subject to joinder because of potential

liability to any party on the basis of the same transactional facts.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 19, 2006

By: s/ Eugene Killian, Jr.
Eugene Killian, Jr.
KILLIAN & SALISBURY, P.C.

**Exhibit A**
**Federal-Mogul Products, Inc. Policy List**

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| Aetna Casualty and Surety Company | 01 XN 993 WCA | 4/7/76 | 1/1/77 |
| Aetna Casualty and Surety Company | 01 XN 1192 WCA | 1/1/77 | 1/1/78 |
| Aetna Casualty and Surety Company | 01 XN 1600 WCA | 1/1/78 | 1/1/79 |
| Aetna Casualty and Surety Company | 01 XN 1600 WCA | 1/1/79 | 3/1/79 |
| Aetna Casualty and Surety Company | 01 XN 2139 WCA | 3/1/79 | 3/1/80 |
| Aetna Casualty and Surety Company | 08 XN 166 WCA | 3/1/80 | 3/1/81 |
| Aetna Casualty and Surety Company | 08 XN 165 WCA | 3/1/80 | 3/1/81 |
| Aetna Casualty and Surety Company | 01 XN 5072 WCA | 3/1/85 | 3/1/86 |
| Aetna Casualty and Surety Company | 01 XN 5116 WCA | 3/1/85 | 3/1/86 |
| Aetna Insurance Company | XL02-1037 | 3/1/84 | 3/1/85 |
| AIU Insurance Company | 75100055 | 1/1/78 | 1/1/79 |
| AIU Insurance Company | 75-100054 | 1/1/78 | 1/1/79 |
| AIU Insurance Company | 75 100053 | 1/1/78 | 1/1/79 |
| AIU Insurance Company | 75100055 | 1/1/79 | 3/1/79 |
| AIU Insurance Company | 75-100054 | 1/1/79 | 3/1/79 |
| AIU Insurance Company | 75 100053 | 1/1/79 | 3/1/79 |
| AIU Insurance Company | 75101027 | 3/1/79 | 3/1/80 |
| AIU Insurance Company | 75101028 | 3/1/79 | 3/1/80 |
| AIU Insurance Company | 75101026 | 3/1/79 | 3/1/80 |
| AIU Insurance Company | 75-100908 | 3/1/82 | 3/1/83 |
| AIU Insurance Company | 75-103524 | 3/1/83 | 3/1/84 |
| AIU Insurance Company | 75-103525 | 3/1/83 | 3/1/84 |
| AIU Insurance Company | 75-103591 | 3/1/84 | 3/1/85 |
| AIU Insurance Company | 75-103592 | 3/1/84 | 3/1/85 |
| AIU Insurance Company | 75-103656 | 3/1/85 | 3/1/86 |
| AIU Insurance Company | 75-103663 | 3/1/85 | 3/1/86 |
| Allianz Insurance Company | UMB 599690 | 3/1/80 | 3/1/81 |
| Allianz Insurance Company | AUX5201202 | 3/1/81 | 3/1/82 |
| Allianz Underwriters Ins. Company | AUX5201297 | 3/1/82 | 3/1/83 |
| Allianz Underwriters Ins. Company | AUX5201658 | 3/1/83 | 3/1/84 |
| Allianz Underwriters Ins. Company | AUX5201850 | 3/1/84 | 3/1/85 |
| Allianz Underwriters Ins. Company | AUX5202132 | 3/1/85 | 3/1/86 |
| Allianz Versicherungs-Aktiengesellschaft, Munich | H. O 001 456 | 1/1/78 | 1/1/79 |
| Allianz Versicherungs-Aktiengesellschaft, Munich | H. O 001 456 | 1/1/79 | 3/1/79 |
| Allianz Versicherungs-Aktiengesellschaft, Munich | H. O 001 456 | 3/1/79 | 3/1/80 |
| Ambassador Ins. Company | ELP 001955 | 3/1/83 | 1/1/84 |
| American Employers Ins. Company | A22-8299-001 | 1/1/65 | 1/1/66 |
| American Employers Ins. Company | A22-8299-001 | 1/1/66 | 1/1/67 |
| American Employers Ins. Company | A22-8299-001 | 1/1/67 | 1/1/68 |
| American Excess Insurance Company | EUL5000424 | 3/1/79 | 3/1/80 |
| American Excess Insurance Company | EUL5001964 | 5/15/79 | 3/1/80 |
| American Excess Insurance Company | EUL5076492 | 3/1/81 | 3/1/82 |
| American Excess Insurance Company | EUL5085640 | 3/1/82 | 3/1/83 |
| American Excess Insurance Company | EUL5098282 | 3/1/83 | 3/1/84 |
| American Home Assurance Company | CE-355594 | 3/21/69 | 3/21/70 |
| American Home Assurance Company | CE-355594 | 3/21/70 | 3/21/71 |
| American Home Assurance Company | CE-355594 | 3/21/71 | 3/21/72 |

**Exhibit A**
**Federal-Mogul Products, Inc. Policy List**

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| American Home Assurance Company | CE-2692335 | 3/21/72 | 1/1/73 |
| American Home Assurance Company | CE-2692335 | 1/1/73 | 1/1/74 |
| American Home Assurance Company | CE-2692335 | 1/1/74 | 1/1/75 |
| | | | |
| American Re-Insurance Company | M0371313 | 1/1/71 | 1/1/72 |
| American Re-Insurance Company | M0371313 | 1/1/72 | 1/1/73 |
| American Re-Insurance Company | M0371313 | 1/1/73 | 11/15/73 |
| American Re-Insurance Company | M1025102 | 1/1/74 | 1/1/75 |
| American Re-Insurance Company | M1025102 | 1/1/75 | 2/1/75 |
| American Re-Insurance Company | M1028591 | 2/1/75 | 1/1/76 |
| American Re-Insurance Company | M1027714 | 1/1/76 | 1/1/77 |
| American Re-Insurance Company | M1431743 | 1/1/77 | 1/1/78 |
| American Re-Insurance Company | M1431743 | 1/1/78 | 1/1/79 |
| American Re-Insurance Company | M1431743 | 1/1/79 | 3/1/79 |
| | | | |
| Associated International Ins. | AEL 00193 C | 5/15/79 | 3/1/80 |
| | | | |
| Birmingham Fire Ins. Co. of PA | SE6073331 | 1/1/78 | 1/1/79 |
| Birmingham Fire Ins. Co. of PA | SE6073331 | 1/1/79 | 3/1/79 |
| Birmingham Fire Ins. Co. of PA | SE 6073469 | 3/1/79 | 3/1/80 |
| | | | |
| California Union Insurance Company | ZCX 00 39 97 | 3/1/80 | 3/1/81 |
| California Union Insurance Company | ZCX 00 44 18 | 3/1/81 | 3/1/82 |
| California Union Insurance Company | ZCX 00 44 11 | 3/1/81 | 3/1/82 |
| California Union Insurance Company | ZCX 00 61 79 | 3/1/82 | 3/1/83 |
| California Union Insurance Company | ZCX 00 61 80 | 3/1/82 | 3/1/83 |
| California Union Insurance Company | ZCX 00 65 04 | 3/1/83 | 3/1/84 |
| California Union Insurance Company | ZCX 00 65 05 | 3/1/83 | 3/1/84 |
| California Union Insurance Company | ZCX 00 70 79 | 3/1/84 | 3/1/85 |
| California Union Insurance Company | ZCX 00 70 80 | 3/1/84 | 3/1/85 |
| California Union Insurance Company | ZCX 00 77 83 | 3/1/85 | 3/1/86 |
| California Union Insurance Company | ZCX 00 77 84 | 3/1/85 | 3/1/86 |
| California Union Insurance Company | ZCX007785 | 3/1/85 | 3/1/86 |
| | | | |
| Central National Insurance Company of Omaha (ACE) | CNZ14-06-15 | 1/1/76 | 1/1/77 |
| Central National Insurance Company of Omaha (ACE) | CNZ14-23-40 | 3/1/81 | 3/1/82 |
| Central National Insurance Company of Omaha (ACE) | CNZ14-23-40 | 3/1/82 | 3/1/83 |
| Central National Insurance Company of Omaha (ACE) | CNZ14-23-40 | 3/1/83 | 3/1/84 |
| Central National Insurance Company of Omaha (ACE) | CNZ00-86-03 | 3/1/84 | 3/1/85 |
| Central National Insurance Company of Omaha (ACE) | CNZ00-86-34 | 3/1/85 | 3/1/86 |
| | | | |
| City Insurance Company | HEC-9 69 37 49 | 1/1/78 | 1/1/79 |
| City Insurance Company | HEC 9 69 37 51 | 1/1/78 | 1/1/79 |
| City Insurance Company | HEC-9 69 37 49 | 1/1/79 | 3/1/79 |
| City Insurance Company | HEC 9 69 37 51 | 1/1/79 | 3/1/79 |
| City Insurance Company | HEC-9 82 59 78 | 3/1/79 | 3/1/80 |
| City Insurance Company | HEC-9 82 59 74 | 3/1/79 | 3/1/80 |
| | | | |
| Columbia Casualty Company | RDU 186 28 81 | 1/1/76 | 1/1/77 |
| Columbia Casualty Company | RDX 186 45 87 | 1/1/77 | 1/1/78 |
| Columbia Casualty Company | RDX3652475 | 1/1/78 | 1/1/79 |
| Columbia Casualty Company | RDX3652475 | 1/1/79 | 3/1/79 |
| Columbia Casualty Company | RDX416-99-51 | 3/1/80 | 3/1/81 |
| Columbia Casualty Company | RDX417-01-94 | 3/1/81 | 3/1/82 |
| Columbia Casualty Company | RDX 917 61 07 | 3/1/82 | 3/1/83 |
| | | | |

**Exhibit A**
**Federal-Mogul Products, Inc. Policy List**

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| Continental Casualty Company | RDX8936695 | 10/1/74 | 11/22/74 |
| Continental Casualty Company | RDX142-18-77 | 3/1/80 | 3/1/81 |
| Continental Casualty Company | RDX 282 17 28 | 3/1/81 | 3/1/82 |
| Continental Casualty Company | RDX 282 18 64 | 3/1/82 | 3/1/83 |
| | | | |
| Continental Insurance Company | LX-633 12 91 | 1/1/68 | 1/1/69 |
| Continental Insurance Company | L-1307152 | 1/1/68 | 1/1/69 |
| Continental Insurance Company | LX-633 12 91 | 1/1/69 | 1/1/70 |
| Continental Insurance Company | L-143 87 70 | 1/1/69 | 1/1/70 |
| Continental Insurance Company | LX-633 12 91 | 1/1/70 | 1/1/71 |
| Continental Insurance Company | L-164 85 50 | 1/1/70 | 1/1/71 |
| Continental Insurance Company | L-6345748 | 1/1/71 | 1/1/72 |
| Continental Insurance Company | L-4 26 67 05 | 1/1/72 | 1/1/73 |
| Continental Insurance Company | L6247502 | 1/1/73 | 1/1/74 |
| Continental Insurance Company | SRX 2 15 34 71 | 3/1/81 | 3/1/82 |
| Continental Insurance Company | SRX 3 19 68 96 | 3/1/82 | 3/1/83 |
| Continental Insurance Company | SRX 1 89 12 99 | 3/1/83 | 3/1/84 |
| | | | |
| Drake Insurance Co. of NY | XL 01478 | 1/1/77 | 1/1/78 |
| | | | |
| E&O Managers | A74-99 | 10/1/74 | 10/1/75 |
| E&O Managers | A74-99 | 10/1/75 | 4/30/76 |
| | | | |
| Employers Commercial Union Insurance Company | E Y-8417-002 | 3/21/72 | 3/21/73 |
| Employers Commercial Union Insurance Company | E Y-8417-002 | 3/21/73 | 1/16/74 |
| | | | |
| Employers Insurance of Wausau, A Mutual Company | 5736-00-102223 | 3/1/85 | 3/1/86 |
| | | | |
| Employers' Liability Assurance Corp. Ltd. | E16-8417-001 | 3/21/69 | 3/21/70 |
| Employers' Liability Assurance Corp. Ltd. | E16-8417-001 | 3/21/70 | 3/21/71 |
| Employers' Liability Assurance Corp. Ltd. | E16-8417-001 | 3/21/71 | 3/21/72 |
| | | | |
| Employers Mutual Casualty Company | MMO-70754 | 5/15/79 | 3/1/80 |
| Employers Mutual Casualty Company | MMO71303 | 3/1/80 | 3/1/81 |
| Employers Mutual Casualty Company | MMMW-72095 | 3/1/83 | 3/1/84 |
| Employers Mutual Casualty Company | MMMW-72151 | 3/1/84 | 3/1/85 |
| | | | |
| Employers Reinsurance Corp. | PLE-12648 | 1/1/78 | 1/1/79 |
| Employers Reinsurance Corp. | PLE-12648 | 1/1/79 | 3/1/79 |
| Employers Reinsurance Corp. | PLE-12648 | 3/1/79 | 3/1/80 |
| | | | |
| European Reinsurance Co. of Zurich | FU-79-8077/109-79 | 3/1/79 | 3/1/80 |
| | | | |
| Evanston Insurance Company | LE10378 | 3/1/84 | 3/1/85 |
| | | | |
| Falcon | S1600049 | 3/1/81 | 3/1/82 |
| Falcon | S1600334 | 3/1/82 | 3/1/83 |
| | | | |
| Federal Insurance Company | (79)79227243 | 1/1/78 | 1/1/79 |
| Federal Insurance Company | (79)79227243 | 1/1/79 | 3/1/79 |
| Federal Insurance Company | (80)79227290 | 3/1/79 | 3/1/80 |
| Federal Insurance Company | (80)79227297 | 5/15/79 | 3/1/80 |
| | | | |
| Fireman's Fund Insurance Company | XLX1027859 | 3/21/69 | 3/21/70 |
| Fireman's Fund Insurance Company | XLX1027859 | 3/21/70 | 3/21/71 |
| Fireman's Fund Insurance Company | XLX1027859 | 3/21/71 | 3/21/72 |

## Exhibit A
## Federal-Mogul Products, Inc. Policy List

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| Fireman's Fund Insurance Company | XLX 105 67 50 | 3/21/72 | 1/1/73 |
| Fireman's Fund Insurance Company | XLX 105 67 50 | 1/1/73 | 1/1/74 |
| Fireman's Fund Insurance Company | XLX 105 67 50 | 1/1/74 | 1/1/75 |
| Fireman's Fund Insurance Company | XLX1204294 | 1/1/75 | 1/1/76 |
| Fireman's Fund Insurance Company | XLX1204294 | 1/1/76 | 1/1/77 |
| Fireman's Fund Insurance Company | XLX-126 71 88 | 1/1/77 | 1/1/78 |
| Fireman's Fund Insurance Company | XLX1301731 | 1/1/78 | 1/1/79 |
| Fireman's Fund Insurance Company | XLX1301731 | 1/1/79 | 3/1/79 |
| Fireman's Fund Insurance Company | XLX-137 03 13 | 3/1/79 | 3/1/80 |
| Fireman's Fund Insurance Company | XLX-137 03 83 | 5/15/79 | 3/1/80 |
| | | | |
| First State Insurance Company | 911879 | 1/1/76 | 1/1/77 |
| First State Insurance Company | 924091 | 1/1/77 | 1/1/78 |
| First State Insurance Company | 925897 | 1/1/78 | 1/1/79 |
| First State Insurance Company | 925897 | 1/1/79 | 3/1/79 |
| First State Insurance Company | 927795 | 3/1/79 | 3/1/80 |
| First State Insurance Company | 917177 | 3/1/80 | 3/1/81 |
| First State Insurance Company | 917383 | 3/1/81 | 3/1/82 |
| First State Insurance Company | 917383 | 3/1/82 | 3/1/83 |
| First State Insurance Company | 917383 | 3/1/83 | 3/1/84 |
| | | | |
| Gibraltar Casualty Company | GMX 00045 | 3/1/79 | 3/1/80 |
| Gibraltar Casualty Company | GMX 00046 | 3/1/79 | 3/1/80 |
| Gibraltar Casualty Company | GMX00981 | 3/1/81 | 3/1/82 |
| Gibraltar Casualty Company | GMX 01584 | 3/1/82 | 3/1/83 |
| | | | |
| Granite State Insurance Company | SCLD 80-94000 | 10/1/76 | 1/1/77 |
| Granite State Insurance Company | SCLD 80-94063 | 1/1/77 | 1/1/78 |
| Granite State Insurance Company | SCLD 80-94064 | 1/1/77 | 1/1/78 |
| Granite State Insurance Company | 6680-1963 | 3/1/80 | 3/1/81 |
| Granite State Insurance Company | 6681-2370 | 3/1/81 | 3/1/82 |
| Granite State Insurance Company | 6681-2371 | 3/1/81 | 3/1/82 |
| Granite State Insurance Company | 6682-3216 | 3/1/82 | 3/1/83 |
| Granite State Insurance Company | 6682-3217 | 3/1/82 | 3/1/83 |
| Granite State Insurance Company | 6683-3982 | 3/1/83 | 3/1/84 |
| Granite State Insurance Company | 6683-3983 | 3/1/83 | 3/1/84 |
| Granite State Insurance Company | 6684-4637 | 3/1/84 | 3/1/85 |
| Granite State Insurance Company | 6685-5584 | 3/1/85 | 3/1/86 |
| | | | |
| Great Southwest Fire Insurance Company | XL 11195 | 3/1/83 | 3/1/84 |
| | | | |
| Harbor Insurance Company | 110811 | 1/1/71 | 1/1/72 |
| Harbor Insurance Company | 110811 | 1/1/72 | 1/1/73 |
| Harbor Insurance Company | 110811 | 1/1/73 | 5/1/73 |
| Harbor Insurance Company | 116164 | 10/1/74 | 10/1/75 |
| Harbor Insurance Company | 116164 | 10/1/75 | 4/15/76 |
| Harbor Insurance Company | HI180032 | 1/1/84 | 3/1/84 |
| | | | |
| Hartford Accident & Indemnity Company | 10 XS 100195 | 1/1/77 | 1/1/78 |
| Hartford Accident & Indemnity Company | 10 XS 100561 | 1/1/78 | 1/1/79 |
| Hartford Accident & Indemnity Company | 10 XS 100561 | 1/1/79 | 3/1/79 |
| Hartford Accident & Indemnity Company | 10 XS 100788 | 3/1/79 | 3/1/80 |
| | | | |
| Highlands Insurance Company | SR10598 | 10/1/74 | 10/1/75 |
| Highlands Insurance Company | SR10598 | 10/1/75 | 10/1/76 |
| Highlands Insurance Company | SR10598 | 10/1/76 | 1/1/77 |

**Exhibit A**
**Federal-Mogul Products, Inc. Policy List**

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| Highlands Insurance Company | SR20205 | 1/1/77 | 1/1/78 |
| Highlands Insurance Company | SR 20474 | 1/1/78 | 1/1/79 |
| Highlands Insurance Company | SR20475 | 1/1/78 | 1/1/79 |
| Highlands Insurance Company | SR 20474 | 1/1/79 | 3/1/79 |
| Highlands Insurance Company | SR20475 | 1/1/79 | 3/1/79 |
| Highlands Insurance Company | SR20811 | 3/1/79 | 3/1/80 |
| Highlands Insurance Company | SR20812 | 3/1/79 | 3/1/80 |
| Highlands Insurance Company | SR40556 | 3/1/80 | 3/1/81 |
| Highlands Insurance Company | SR40656 | 3/1/81 | 3/1/82 |
| Highlands Insurance Company | SR40815 | 3/1/82 | 3/1/83 |
| Highlands Insurance Company | SR41018 | 3/1/83 | 3/1/84 |
| Highlands Insurance Company | SR41257 | 3/1/84 | 3/1/85 |
| Highlands Insurance Company | SR41699 | 3/1/85 | 3/1/86 |
| | | | |
| Home Insurance Company | HEC9304732 | 3/21/69 | 3/21/70 |
| Home Insurance Company | HEC9304732 | 3/21/70 | 3/21/71 |
| Home Insurance Company | HEC9304732 | 3/21/71 | 3/21/72 |
| Home Insurance Company | HEC-4 16 60 88 | 3/21/72 | 1/1/73 |
| Home Insurance Company | HEC-4 16 60 88 | 1/1/73 | 1/1/74 |
| Home Insurance Company | HEC-4 16 60 88 | 1/1/74 | 1/1/75 |
| Home Insurance Company | HEC-4496028 | 1/1/75 | 1/1/76 |
| Home Insurance Company | HEC-4496028 | 1/1/76 | 1/1/77 |
| Home Insurance Company | HEC9007237 | 4/30/76 | 1/1/77 |
| Home Insurance Company | HEC-4496028 | 1/1/77 | 1/1/78 |
| Home Insurance Company | HEC-9 53 09 92 | 1/1/77 | 1/1/78 |
| Home Insurance Company | HXL-1 57 77 55 | 3/1/84 | 3/1/85 |
| Home Insurance Company | HXL-1 57 77 56 | 3/1/84 | 3/1/85 |
| | | | |
| Industrial Indemnity | JE 884-4186 | 3/1/85 | 3/1/86 |
| | | | |
| Ins. Co. of the State of PA | 41767295 | 10/1/76 | 1/1/77 |
| | | | |
| INSCO Ltd. | CE000003 | 1/1/78 | 1/1/79 |
| INSCO Ltd. | CE000003 | 1/1/79 | 3/1/79 |
| | | | |
| Insurance Company of North America | GAL 19 76 44 | 1/1/74 | 1/1/75 |
| Insurance Company of North America | XCP6640 | 10/1/74 | 10/1/75 |
| Insurance Company of North America | GAL204195 | 1/1/75 | 1/1/76 |
| Insurance Company of North America | XCP6640 | 10/1/75 | 10/1/76 |
| Insurance Company of North America | GAL336722 | 1/1/76 | 1/1/77 |
| Insurance Company of North America | GAL 35 54 50 | 1/1/77 | 1/1/78 |
| Insurance Company of North America | XCP 1 43 05 | 1/1/78 | 1/1/79 |
| Insurance Company of North America | GAL 39 45 01 | 1/1/78 | 1/1/79 |
| Insurance Company of North America | XCP 1 43 05 | 1/1/79 | 3/1/79 |
| Insurance Company of North America | GAL 39 45 01 | 1/1/79 | 3/1/79 |
| Insurance Company of North America | XCP 143427 | 3/1/79 | 3/1/80 |
| Insurance Company of North America | XCP 145146 | 3/1/83 | 3/1/84 |
| | | | |
| Integrity Insurance Company | XL 200209 | 1/1/78 | 1/1/79 |
| Integrity Insurance Company | XL 200209 | 1/1/79 | 3/1/79 |
| Integrity Insurance Company | XL 200660 | 3/1/79 | 3/1/80 |
| Integrity Insurance Company | XL 201480 | 3/1/80 | 3/1/81 |
| Integrity Insurance Company | XL 202064 | 3/1/81 | 3/1/82 |
| Integrity Insurance Company | XL 203860 | 3/1/82 | 3/1/83 |
| Integrity Insurance Company | XL 207106 | 3/1/83 | 3/1/84 |
| Integrity Insurance Company | XL 208316 | 3/1/84 | 3/1/85 |

**Exhibit A**
**Federal-Mogul Products, Inc. Policy List**

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| Integrity Insurance Company | XL 208184(A) | 3/1/85 | 3/1/86 |
| Integrity Insurance Company | XL 208184(B) | 3/1/85 | 3/1/86 |
| | | | |
| International Insurance Company | 5220468801 | 3/1/84 | 3/1/85 |
| International Insurance Company | 5220468819 | 3/1/84 | 3/1/85 |
| International Insurance Company | 5220550224 | 3/1/85 | 3/1/86 |
| | | | |
| Lexington Insurance Company | GC5500201 | 10/1/74 | 10/1/75 |
| Lexington Insurance Company | GC5500201 | 10/1/75 | 10/1/76 |
| Lexington Insurance Company | GC5500201 | 10/1/76 | 1/1/77 |
| Lexington Insurance Company | 551 1459 | 5/15/79 | 3/1/80 |
| | | | |
| London Market | 69/14282/1/BB/12188Z | 4/21/69 | 4/21/70 |
| London Market | 69/14282/1/BB/12188Z | 4/21/70 | 4/21/71 |
| London Market | 564/UC0016 | 1/1/71 | 1/1/72 |
| London Market | 564/UC0017 | 1/1/71 | 1/1/72 |
| London Market | 564/UC0018 | 1/1/71 | 1/1/72 |
| London Market | 69/14282/1/BB/12188Z | 4/21/71 | 3/21/72 |
| London Market | 564/UC0016 | 1/1/72 | 1/1/73 |
| London Market | 564/UC0017 | 1/1/72 | 1/1/73 |
| London Market | 564/UC0018 | 1/1/72 | 1/1/73 |
| London Market | 564/UC0016 | 1/1/73 | 5/1/73 |
| London Market | 564/UC0017 | 1/1/73 | 11/15/73 |
| London Market | 564/UC0018 | 1/1/73 | 11/15/73 |
| London Market | 501/A7414904 | 10/1/74 | 10/1/75 |
| London Market | 501/A7414904 | 10/1/75 | 10/1/76 |
| London Market | 501/A7414904 | 10/1/76 | 3/13/77 |
| London Market | 509/77DD470C | 1/1/77 | 1/1/78 |
| London Market | 509/77DD1308C | 3/13/77 | 1/1/78 |
| London Market | PY035478 | 1/1/78 | 1/1/79 |
| London Market | PY035578 | 1/1/78 | 1/1/79 |
| London Market | PY035678 | 1/1/78 | 1/1/79 |
| London Market | PY035478 | 1/1/79 | 3/1/79 |
| London Market | PY035578 | 1/1/79 | 3/1/79 |
| London Market | PY035678 | 1/1/79 | 3/1/79 |
| London Market | PY035479 | 3/1/79 | 3/1/80 |
| London Market | PY035579 | 3/1/79 | 3/1/80 |
| London Market | PY035679 | 3/1/79 | 3/1/80 |
| London Market | PY105379 | 5/15/79 | 5/15/80 |
| London Market | 543/55162/80 | 3/1/80 | 3/1/81 |
| London Market | 543/55163/80 | 3/1/80 | 3/1/81 |
| London Market | PY272985 | 3/1/85 | 3/1/86 |
| London Market | PY273085 | 3/1/85 | 3/1/86 |
| | | | |
| Lumbermens Mutual Casualty Company | 3SX016626 | 5/1/73 | 1/1/74 |
| Lumbermens Mutual Casualty Company | 3SX016626 | 1/1/74 | 1/1/75 |
| Lumbermens Mutual Casualty Company | 3SX016626 | 1/1/75 | 1/1/76 |
| | | | |
| Midland Insurance Company | XL-2220 | 3/21/72 | 1/1/73 |
| Midland Insurance Company | XL-2220 | 1/1/73 | 1/1/74 |
| Midland Insurance Company | XL-2220 | 1/1/74 | 1/1/75 |
| Midland Insurance Company | XL 145438 | 1/1/75 | 1/1/76 |
| Midland Insurance Company | XL 145438 | 1/1/76 | 1/1/77 |
| Midland Insurance Company | XL 145799 | 1/1/76 | 1/1/77 |
| Midland Insurance Company | XL 151 584 | 4/15/76 | 1/1/77 |
| Midland Insurance Company | XL 145438 | 1/1/77 | 1/1/78 |

**Exhibit A**
**Federal-Mogul Products, Inc. Policy List**

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| Midland Insurance Company | XL 152076 | 1/1/77 | 1/1/78 |
| Midland Insurance Company | XL 152075 | 1/1/77 | 1/1/78 |
| Midland Insurance Company | XL 148365 | 1/1/78 | 1/1/79 |
| Midland Insurance Company | XL 148366 | 1/1/78 | 1/1/79 |
| Midland Insurance Company | XL 148365 | 1/1/79 | 3/1/79 |
| Midland Insurance Company | XL 148366 | 1/1/79 | 3/1/79 |
| Midland Insurance Company | XL 159833 | 3/1/79 | 3/1/80 |
| Midland Insurance Company | XL 159835 | 3/1/79 | 3/1/80 |
|  |  |  |  |
| Mission Insurance Company | M 81736 | 11/22/74 | 10/1/75 |
| Mission Insurance Company | M 81736 | 10/1/75 | 4/7/76 |
|  |  |  |  |
| Mutual Fire, Marine & Inland Insurance Company | EL 100175 | 1/1/77 | 1/1/78 |
| Mutual Fire, Marine & Inland Insurance Company | EL 103079 | 1/1/78 | 1/1/79 |
|  |  |  |  |
| National Casualty Company | XU 000234 | 3/1/85 | 3/1/86 |
|  |  |  |  |
| National Surety Corporation | XLX-136 63 36 | 3/1/80 | 3/1/81 |
| National Surety Corporation | XLX-143 62 15 | 3/1/81 | 3/1/82 |
| National Surety Corporation | XLX-143 62 16 | 3/1/81 | 3/1/82 |
| National Surety Corporation | XLX-148 59 21 | 3/1/82 | 3/1/83 |
| National Surety Corporation | XLX-148 59 22 | 3/1/82 | 3/1/83 |
| National Surety Corporation | XLX-153 00 76 | 3/1/83 | 3/1/84 |
| National Surety Corporation | XLX-153 00 77 | 3/1/83 | 3/1/84 |
| National Surety Corporation | XLX-153 02 08 | 3/1/84 | 3/1/85 |
| National Surety Corporation | XLX-173 57 89 | 3/1/85 | 3/1/86 |
|  |  |  |  |
| National Union Fire Ins. Co. of Pittsburgh, PA | CE1011901 | 1/1/75 | 1/1/76 |
| National Union Fire Ins. Co. of Pittsburgh, PA | CE1011901 | 1/1/76 | 1/1/77 |
| National Union Fire Ins. Co. of Pittsburgh, PA | CE1011901 | 1/1/77 | 1/1/78 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 1229452(A) | 1/1/78 | 1/1/79 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 1229452(B) | 1/1/78 | 1/1/79 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 1229452(A) | 1/1/79 | 3/1/79 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 1229452(B) | 1/1/79 | 3/1/79 |
| National Union Fire Ins. Co. of Pittsburgh, PA | GLA 127-0148(B) | 3/1/79 | 3/1/80 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 1225321(A) | 3/1/79 | 3/1/80 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 1225321(B) | 3/1/79 | 3/1/80 |
| National Union Fire Ins. Co. of Pittsburgh, PA | GLA 127-0148(A) | 3/1/79 | 3/1/80 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 1226440 | 3/1/80 | 3/1/81 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 1226084 | 3/1/81 | 3/1/82 |
| National Union Fire Ins. Co. of Pittsburgh, PA | 9605832 | 3/1/85 | 3/1/86 |
|  |  |  |  |
| New England Insurance Company | EG000001 | 3/1/84 | 3/1/85 |
| New England Insurance Company | EG000005 | 3/1/85 | 3/1/86 |
|  |  |  |  |
| North Star Reinsurance Corporation | NSX-8963 | 1/1/71 | 1/1/72 |
| North Star Reinsurance Corporation | NSX-8963 | 1/1/72 | 1/1/73 |
|  |  |  |  |
| Northbrook Excess and Surplus Insurance Company | 63-002-469 | 1/1/77 | 1/1/78 |
| Northbrook Excess and Surplus Insurance Company | 63 003 874 | 1/1/78 | 1/1/79 |
| Northbrook Excess and Surplus Insurance Company | 63 003 874 | 1/1/79 | 3/1/79 |
| Northbrook Excess and Surplus Insurance Company | 63 005 512 | 3/1/79 | 3/1/80 |
| Northbrook Excess and Surplus Insurance Company | 63 006 485 | 3/1/80 | 3/1/81 |
|  |  |  |  |
| Northbrook Insurance Company | 63000237 | 1/16/74 | 1/1/75 |
| Northbrook Insurance Company | 63000986 | 1/1/75 | 1/1/76 |

## Exhibit A
### Federal-Mogul Products, Inc. Policy List

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| Northbrook Insurance Company | 63 001 413 | 1/1/76 | 1/1/77 |
| | | | |
| Northeastern Fire Insurance Company of Pennsylvania | 0698 | 1/1/78 | 1/1/79 |
| Northeastern Fire Insurance Company of Pennsylvania | 0699 | 1/1/78 | 1/1/79 |
| Northeastern Fire Insurance Company of Pennsylvania | 0698 | 1/1/79 | 3/1/79 |
| Northeastern Fire Insurance Company of Pennsylvania | 0699 | 1/1/79 | 3/1/79 |
| Northeastern Fire Insurance Company of Pennsylvania | 2251 | 3/1/79 | 3/1/80 |
| Northeastern Fire Insurance Company of Pennsylvania | 2252 | 3/1/79 | 3/1/80 |
| | | | |
| Northumberland General Insurance Company | BXL1064 | 1/1/78 | 1/1/79 |
| Northumberland General Insurance Company | BXL1064 | 1/1/79 | 3/1/79 |
| | | | |
| Northwestern National Ins. Company | XLP400251 | 3/21/69 | 3/21/70 |
| Northwestern National Ins. Company | XLP400251 | 3/21/70 | 3/21/71 |
| Northwestern National Ins. Company | XLP400251 | 3/21/71 | 3/21/72 |
| Northwestern National Ins. Company | XLP 401422 | 3/21/72 | 1/1/73 |
| Northwestern National Ins. Company | XLP 401422 | 1/1/73 | 1/1/74 |
| Northwestern National Ins. Company | XLP 401422 | 1/1/74 | 1/1/75 |
| | | | |
| Pacific Employers Ins. Company | XCC 00 31 78 | 3/1/81 | 3/1/82 |
| Pacific Employers Ins. Company | XCC 00 31 78 | 3/1/82 | 3/1/83 |
| Pacific Employers Ins. Company | XCC 00 32 01 | 3/1/83 | 3/1/84 |
| Pacific Employers Ins. Company | XCC 01 67 22 | 3/1/85 | 3/1/86 |
| | | | |
| Pine Top Insurance Company | MLP 10 00 53(A) | 1/1/78 | 1/1/79 |
| Pine Top Insurance Company | MLP 10 00 53(B) | 1/1/78 | 1/1/79 |
| Pine Top Insurance Company | MLP 10 00 53(A) | 1/1/79 | 3/1/79 |
| Pine Top Insurance Company | MLP 10 00 53(B) | 1/1/79 | 3/1/79 |
| Pine Top Insurance Company | MLP 10 13 06(A) | 3/1/79 | 3/1/80 |
| Pine Top Insurance Company | MLP 10 13 06(B) | 3/1/79 | 3/1/80 |
| | | | |
| Providence Washington Ins. Company | CU173770 | 10/1/74 | 10/1/75 |
| Providence Washington Ins. Company | CU173770 | 10/1/75 | 10/1/76 |
| Providence Washington Ins. Company | CU173770 | 10/1/76 | 3/13/77 |
| | | | |
| Prudential Reinsurance Company | DXC 901 103 | 4/15/76 | 1/1/77 |
| Prudential Reinsurance Company | DXC DX0081 | 1/1/77 | 1/1/78 |
| Prudential Reinsurance Company | DXC DX 0161 | 3/13/77 | 1/1/78 |
| Prudential Reinsurance Company | DXC DX 0616 | 1/1/78 | 1/1/79 |
| Prudential Reinsurance Company | DXC DX 0617 | 1/1/78 | 1/1/79 |
| Prudential Reinsurance Company | DXC DX 0616 | 1/1/79 | 3/1/79 |
| Prudential Reinsurance Company | DXC DX 0617 | 1/1/79 | 3/1/79 |
| | | | |
| Puritan Insurance Company | ML 65 01 83 | 1/1/77 | 1/1/78 |
| | | | |
| Republic Insurance Company | CDE 1530 | 3/1/85 | 3/1/86 |
| | | | |
| Royal Indemnity Company | ED103033 | 3/1/85 | 3/1/86 |
| | | | |
| Safety Mutual Casualty Corp. | UF 1204 IL | 3/1/83 | 3/1/84 |
| Safety Mutual Casualty Corp. | UF 1942IL | 3/1/84 | 3/1/85 |
| Safety Mutual Casualty Corp. | UF1943IL | 3/1/84 | 3/1/85 |
| Safety Mutual Casualty Corp. | UF2693IL | 3/1/85 | 3/1/86 |
| | | | |
| Southern American Insurance Company | 04-006XX 800141 | 1/1/79 | 3/1/79 |
| | | | |

## Exhibit A
### Federal-Mogul Products, Inc. Policy List

| Carrier Name | Policy Number | Start Date | End Date |
|---|---|---|---|
| St. Paul Mercury Insurance Company | XL02-1020 | 3/1/83 | 3/1/84 |
| | | | |
| Stonewall Insurance Company | 33000113 | 1/1/74 | 1/1/75 |
| Stonewall Insurance Company | 36000001 | 1/1/75 | 1/1/76 |
| Stonewall Insurance Company | 36000002 | 1/1/75 | 1/1/76 |
| Stonewall Insurance Company | 36000003 | 2/1/75 | 1/1/76 |
| Stonewall Insurance Company | 36000042 | 1/1/76 | 1/1/77 |
| | | | |
| | | | |
| Swiss Reinsurance Company | ZH/R 4020-0601-50/78 | 1/1/78 | 1/1/79 |
| Swiss Reinsurance Company | ZH/R 4020-0601-50/78 | 1/1/79 | 3/1/79 |
| | | | |
| Transit Casualty Company | SCU955-457 | 3/1/80 | 3/1/81 |
| Transit Casualty Company | SCU955852 | 3/1/81 | 3/1/82 |
| Transit Casualty Company | SCU955853 | 3/1/81 | 3/1/82 |
| Transit Casualty Company | SCU 956175 | 3/1/82 | 3/1/83 |
| Transit Casualty Company | SCU956176 | 3/1/82 | 3/1/83 |
| Transit Casualty Company | SCU956463 | 3/1/83 | 3/1/84 |
| Transit Casualty Company | SCU956776 | 3/1/84 | 3/1/85 |
| | | | |
| Transport Indemnity Company | TEL 00638 C | 3/1/83 | 3/1/84 |
| Transport Indemnity Company | TEL 00819C | 3/1/84 | 3/1/85 |
| | | | |
| U.S. Fire Insurance Company (ACE) | 523 0774287 | 3/1/80 | 3/1/81 |
| U.S. Fire Insurance Company (ACE) | 523 067253 3 | 3/1/81 | 3/1/82 |
| U.S. Fire Insurance Company (ACE) | 523 067253 3 | 3/1/82 | 3/1/83 |
| U.S. Fire Insurance Company (ACE) | 523 067253 3 | 3/1/83 | 3/1/84 |
| U.S. Fire Insurance Company (ACE) | 523 219826 7 | 3/1/84 | 3/1/85 |
| U.S. Fire Insurance Company (ACE) | 522 035627 4 | 3/1/84 | 3/1/85 |
| U.S. Fire Insurance Company (ACE) | 523 219826 7 | 3/1/85 | 3/1/86 |
| U.S. Fire Insurance Company (ACE) | 522 035627 4 | 3/1/85 | 3/1/86 |
| | | | |
| Unigard Mutual Insurance Company | 1-5047 | 1/1/74 | 10/1/74 |
| Unigard Mutual Insurance Company | 1-5085 | 3/13/74 | 10/1/74 |
| | | | |
| Union America | A74-97 | 10/1/74 | 10/1/75 |
| Union America | A74-97 | 10/1/75 | 10/1/76 |
| Union America | A74-97 | 10/1/76 | 1/1/77 |
| | | | |
| Yosemite Insurance Company | YXL106803 | 10/1/74 | 10/1/75 |
| Yosemite Insurance Company | YXL106803 | 10/1/75 | 10/1/76 |
| Yosemite Insurance Company | YXL106803 | 10/1/76 | 1/1/77 |
| | | | |
| Zurich Insurance Company | IRD SR 4056 | 1/1/77 | 1/1/78 |
| | | | |
| Zurich International Ltd., Hamilton, Bermuda | ZI 7005 | 1/1/78 | 1/1/79 |
| Zurich International Ltd., Hamilton, Bermuda | ZI 7005 | 1/1/79 | 3/1/79 |
| Zurich International Ltd., Hamilton, Bermuda | ZI 7005/3 | 5/15/79 | 3/1/80 |
| Zurich International Ltd., Hamilton, Bermuda | ZIB72,637-85-C | 3/1/85 | 3/1/86 |