UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FEDERAL-MOGUL GLOBAL, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 01-10578 (JKF)<br>(Jointly Administered)<br><br>Related to Dkt. Nos. 10274, 10593, 10594, 10586, 10558, 10524, 10437, 10436, 10435, 10397, 10345, 10342, 10339, 10320, 10317, 10613 |

**CERTAIN INSURANCE COMPANIES' REPLY IN SUPPORT OF THEIR MOTION TO WITHDRAW THE REFERENCE OF THEIR JOINT MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO COMMENCE A STATE COURT INSURANCE COVERAGE ACTION**

Certain Insurance Companies moved the District Court to withdraw the reference of their lift-stay motion since that motion is inextricably related to their motion asking the District Court to abstain from further proceedings in an adversary proceeding whose reference the District Court previously withdrew, <u>DII Indus., LLC v. Federal-Mogul Prods., Inc. (In re Federal-Mogul Global., Inc.)</u>, Adv. Proc. No. 01-09018 (JHR) (Bankr. D. Del.) (the "Adversary Proceeding"). The insurance companies' opening brief explained that withdrawal of the reference would promote the interests of judicial economy and efficiency in this case by allowing a single judge (the District Judge, who already presides over the Adversary Proceeding) to decide the Lift-Stay Motion and the Abstention Motion together. The insurance companies detailed how withdrawal of the reference would protect against inconsistent outcomes and streamline any appeals. All of this, the insurance companies demonstrated, constitutes "cause" for withdrawal of the reference under 28 U.S.C. § 157(d).

In opposing withdrawal of the reference, Debtor does not attempt to rebut any of these points. Instead, Debtor advances a series of non-sequiturs. However, none of the

arguments advanced by Debtor justifies the District Court not withdrawing the reference.[1]

First, the fact that the Lift-Stay Motion is a "core" matter is not, as Debtor suggests, a sufficient basis by itself to deny the motion to withdraw the reference. Whether a matter is "core" or "non-core" is actually just one factor courts consider in determining whether to withdraw the reference. As the court noted in Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994), in evaluating whether "cause" exists under 28 U.S.C. § 157(d) district courts should consider a "number of factors" apart from whether the matter in question is "core," including "considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Id.* at 1101. Even where a matter is core, the Court must "weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors" in deciding whether the reference should be withdrawn. Collier on Bankruptcy ¶ 3.04[1][b] (15th ed. 2006). Moreover, courts confirm that the "limited withdrawal of the reference as to [a] single issue" such as the Lift-Stay Motion, even where that matter is "core," "pose[s] no threat to the uniformity of administration of th[e] estate." In re Burger Boys, Inc., 94 F.3d 755, 762

---

[1] The District Court should be advised that the Bankruptcy Court has scheduled a hearing on the Lift-Stay Motion for October 30, 2006, notwithstanding the pendency of Certain Insurance Companies' motion to withdraw the reference. *See* Order dated September 26, 2006 (Bankruptcy Case Dkt. No. 10667). Contemporaneously with the filing of this reply brief, the insurance companies have filed a motion for reconsideration. In addition, Certain Insurance Companies have today filed a request for oral argument of both their motion to withdraw the reference and their motion to abstain.

(2d Cir. 1996).[2]

Indeed, an order already entered by the Court in this case provides that "the Court's authority to withdraw the reference shall not be limited . . . by whether a particular proceeding is considered core for the purposes of the jurisdiction of the Bankruptcy Court under the United States Code."  Order (1) Referring Certain Cases to the Bankruptcy Court and (2) Allocating Responsibilities Between the District Court and the Bankruptcy Court, Dkt. No. 550, In re Federal-Mogul Global, Inc., No. 01-10578 (Bankr. D. Del. Dec. 10, 2001) (Wolin, D.J.).  Thus, the "core" status of the lift-stay motion is no basis to deny Certain Insurance Companies' motion to withdraw the reference.

Second, the fact that bankruptcy courts routinely rule on lift-stay motions is both unremarkable and no reason to deny withdrawal of the reference here.  It is unremarkable because, with general orders of reference in effect throughout the country, lift-stay motions are assigned to bankruptcy judges for decision *unless* an order is entered withdrawing the reference.  Moreover, Debtor's suggestion that the insurance companies' motion to withdraw the reference should be denied because district courts lack authority to grant relief from the automatic stay is completely misguided:  the statutory scheme governing the distribution of responsibility between bankruptcy courts and district courts makes clear that district courts have the unfettered power and full authority to withdraw **any** matter from the bankruptcy court.  See 28 U.S.C. § 1334 (granting district courts, not bankruptcy courts, original jurisdiction over bankruptcy cases and civil proceedings related to bankruptcy cases); 28 U.S.C. § 157(a) (authorizing district courts to

---

[2]  One of Debtor's own authorities establishes that a district court deciding whether to withdraw the reference ought to consider factors besides the "core" status of the matter in issue.  *See* Opp. Br. at 4, citing In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

refer bankruptcy cases and civil proceedings related to bankruptcy cases "to the bankruptcy judges for the district"); 28 U.S.C. § 157(d) (authorizing the district court, "on its own motion or on timely motion of any party," to withdraw, in whole or in part, the reference of any case or proceeding referred to the bankruptcy court under § 157(a)).  As a result, district courts do sometimes withdraw the reference of lift-stay motions from the bankruptcy court.  *See, e.g.*, In re Fischer, 202 B.R. 341, 354 (E.D.N.Y. 1996) ("although a motion to lift the automatic stay is a 'core' determination . . . the totality of the circumstances militates strongly in favor of the withdrawal of this reference so that this Court may decide this motion.  Foremost among the salient considerations is that of judicial efficiency"); Hydramar v. General Dynamics Corp., 1986 WL 6223 at *4 (E.D. Pa. May 30, 1986) (withdrawing reference of lift-stay motion because, *inter alia*, "judicial economy would favor the litigation of [issues raised by stay motion and claims asserted by debtor] all in one proceeding").[3]

   Debtor's reliance on ACandS, Inc. v. Travelers Cas. & Sur. Co., 435 F.3d 252 (3d

---

[3]   At the time Debtor's bankruptcy petition was filed, the Delaware District Court had revoked the automatic reference of bankruptcy cases to the Bankruptcy Court.  *See* Order, In re Referral of Title 11 Bankruptcy Proceedings to the United States Bankruptcy Judges for this District, April 6, 2001 (Robinson, J.).  Then-Chief Judge Becker of the Third Circuit later entered an order designating former District Judge Wolin to preside over certain bankruptcy cases, including Debtor's.  *See* Designation of a District Judge for Service in Another District Within the Circuit, Dkt. No. 406, In re Federal-Mogul Global, Inc., No. 01-10578 (Bankr. D. Del. Nov. 27, 2001).  Judge Wolin, in turn, referred most of Debtor's case to the bankruptcy court, but in doing so specifically ordered that "withdrawal of the reference is specifically contemplated with respect to asbestos-related claims and issues, provided however that **the Court's authority to withdraw the reference shall not be limited to that issue nor by whether a particular proceeding is considered core** for the purposes of the jurisdiction of the Bankruptcy Court under the United States Code."  Order (1) Referring Certain Cases to the Bankruptcy Court and (2) Allocating Responsibilities Between the District Court and the Bankruptcy Court, Dkt. No. 550, In re Federal-Mogul Global, Inc., No. 01-10578 (Bankr. D. Del. Dec. 10, 2001) (emphasis added).  Judge Wolin subsequently withdrew the reference of the Adversary Proceeding "and all related motions and proceedings."  Order Partially Withdrawing the Reference, Dkt. No. 1139, In re Federal-Mogul Global, Inc., No. 01-10578 (Bankr. D. Del. Jan. 28, 2002).

Cir. 2006), is unavailing. In that case, the Third Circuit not surprisingly found that where a debtor's bankruptcy case was pending in this District, a district judge in a *different* district lacked authority to grant equitable relief from the automatic stay. The facts of ACandS are entirely distinct from the situation here, where the insurance companies are seeking relief from the District Court having both original jurisdiction over Debtor's bankruptcy case and the statutory power to withdraw the reference, even of "core" matters such as motions to lift the automatic stay.

Thus, because the District Court has original jurisdiction over Debtor's case, it unquestionably has the authority to withdraw the reference of the Lift-Stay Motion. *See* 28 U.S.C. § 157(d). Indeed, having the District Court rather than the Bankruptcy Court be the single decision-maker in this instance is consistent with the fact that the District Court previously withdrew the reference of the Adversary Proceeding "and all related motions and proceedings." Order Partially Withdrawing the Reference, Dkt. No. 1139, In re Federal-Mogul Global, Inc., No. 01-10578 (Bankr. D. Del. Jan. 28, 2002).

Third, withdrawal of the reference would hardly "frustrate the primary purpose of the bankruptcy system." (Opp. Br. at 5.) This is really a restatement of Debtor's previously-rebutted argument that the reference of "core" matters should not be withdrawn. Although bankruptcy courts undoubtedly have special knowledge and expertise, Congress nevertheless specifically authorized district courts to withdraw the reference – even with respect to core matters – "for cause." The District Court is even empowered to withdraw the reference "on its own motion." (28 U.S.C. § 157(d).) As indicated above, the Delaware District Court has routinely exercised that power, including canceling for a time this District's general order of reference.

In addition, one of the central purposes of the bankruptcy system is the efficient resolution of disputes involving the debtor and the estate.  *See*, *e.g.*, Zer-Ilan v. Frankford (In re CPDC, Inc.), 221 F.3d 693, 700 (5th Cir. 2000) ("the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate"); Great W. Sav. v. Gordon (In re Fietz), 852 F.2d 455, 457 (9th Cir. 1988) (a "congressionally-endorsed objective" of bankruptcy is "the efficient and expeditious resolution of all matters connected to the bankruptcy estate").  As shown in Certain Insurance Companies' opening brief – and not rebutted by Debtor – that particular purpose is best served in this case by having a single judge resolve these two interrelated motions, the Lift-Stay Motion and the Abstention Motion, together.  Since the District Court previously withdrew the reference of the Adversary Proceeding, the only way to accomplish that result would be for the District Court to withdraw the reference of the Lift-Stay Motion.

In sum, Debtor completely overlooks the fact that the Lift-Stay Motion is inextricably interrelated with the Abstention Motion, which is **already pending** before the District Court, and that judicial efficiency counsels that the two motions be heard and decided by a single judge at one time rather than by different judges in separate hearings.  That fact alone serves to rebut all of Debtor's arguments.[4]

---

[4]  While Debtor agrees that the District Court should abstain from the Adversary Proceeding, it suggests that the Court should not do so until it has decided the "corporate successorship" issue, which it contends "has been fully briefed." (Opp. Br. at 2.)  In the same breath, however, Debtor argues that the Court cannot decide that issue until "a pending discovery dispute" (*id.*) – characterized elsewhere by Debtor as "[a] major discovery fight" (Abstention Opp. Br. at 8) – is first decided.  In their reply brief in support of the Abstention Motion, the insurance companies show why the District Court ought to abstain from the Adversary Proceeding immediately and in full, rather than subdivide the coverage lawsuit.

## CONCLUSION

For the reasons stated above and in the insurance companies' opening brief, the Court should withdraw the reference of the Lift-Stay Motion so that it may be decided by the District Court in conjunction with the interrelated Abstention Motion.

Dated:  October 4, 2006                             Respectfully submitted,

        /s/ *Brian L. Kasprzak*
Brian L. Kasprzak (No. 3846)
Donald R. Kinsley  (No. 3006)
MARKS O'NEILL O'BRIEN & COURTNEY P.C.
913 North Market Street
Wilmington, Delaware 19801
Telephone:  (302) 658-6538
Facsimile:  (302) 6589-6537

Mark D. Plevin
David Florin
Barry M. Parsons
Leslie A. Epley
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 624-2500
Facsimile:   (202) 628-5116

Attorneys for Ace Property & Casualty Insurance Company; Century Indemnity Company, as successor to CCI Insurance Company (successor to Insurance Company Of North America) and CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; Central National Insurance Company of Omaha (for certain policies issued through Cravens Dargan & Company, Pacific Coast, As Managing General Agent); Pacific Employers Insurance Company; Insurance Company of North America; OneBeacon America Insurance Company; Seaton Insurance Company; St. Paul Mercury Insurance Company; Stonewall Insurance Company; TIG Insurance Company (solely as successor to International Insurance Company); and United States Fire

Insurance Company

And on behalf of the following insurance carriers and their counsel:

Allstate Insurance Company, solely as successor to Northbrook Excess & Surplus Insurance Company; Allianz Versicherungs AG; Allianz Global Risks U.S. Insurance Company (f/k/a Allianz Insurance Company); Allianz Underwriters Insurance Company (f/k/a Allianz Underwriters, Inc.); Atlanta International Insurance Company (f/k/a Drake Insurance Company of New York); Sentry Insurance a Mutual Company as assumptive reinsurer of Great Southwest Fire Insurance Company; Westport Insurance Corporation (f/k/a Puritan Insurance Company); Employers Reinsurance Corporation; Travelers Casualty & Surety Company (as successor-in-interest to Aetna Casualty & Surety Company); European Reinsurance Company of Zurich (f/k/a European General Reinsurance Company of Zurich); Swiss Reinsurance Company; Federal Insurance Company; Mt. McKinley Insurance Company; Everest Reinsurance Company; Fireman's Fund Insurance Company; National Surety Company; Continental Casualty Company; Columbia Casualty Company; Continental Insurance Company, for itself and as successor in interest to certain policies issued by Harbor Insurance Company; Evanston Insurance Company; Associated International Insurance Company; Northwestern National Insurance Company; and INSCO, Ltd.

2858811